JOHNSON v. THE YORKSHIRE INSURANCE CO.

1. INSURANCE—CONTRACTS—ELEMENTS OF A VALID INSURANCE CONTRACT.

In order to complete a contract for insurance, the minds of the parties must meet and agree to five things: (1) The subject-matter to which the policy is to attach; (2) the risk insured against; (3) the duration of the risk; (4) the amount of indemnity; (5) the premium to be paid, which must be paid at the time of the contract, or exist as a valid legal charge against the insured.

2. SAME—EVIDENCE—SUFFICIENCY.

In an action against an insurance company for a fire loss which occurred on the day the policy was written and before its delivery, testimony *held*, to present a question of fact for the jury as to whether a valid contract for insurance existed.

3. SAME—ORAL CONTRACTS—PRESUMPTIONS.

In case of oral contracts of insurance it is presumed the usual conditions of insurer's policy apply.

4. SAME—DENIAL OF LIABILITY WAIVES PROOF OF LOSS.

Where an insurance company denied all liability it waived a provision of the policy requiring proofs of loss to be made within 60 days.

5. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.

Verdict for plaintiff *held*, not against the weight of the evidence, although the circumstances attending the negotiations for the insurance were unusual.

Error to Lenawee; Hart (Burton L.), J. Submitted June 7, 1923. (Docket No. 74.) Decided October 1, 1923.

Assumpsit by George J. Johnson, assignee of G. R. Stubing, against The Yorkshire Insurance Company

On validity of oral contract insuring automobile against damages by fire, see notes in 22 L. R. A. 768; 14 L. R. A. (N. S.) 200.

on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Baldwin & Alexander* and *Mooney, Bibbee & Edmonds,* for appellant.

*B. D. Chandler,* for appellee.

BIRD, J. This suit was instituted to recover for a fire loss on an oral contract of insurance. George J. Johnson, a young man who had not yet reached his majority, was doing a general insurance business in 1921, in the city of Hudson. On January 18, 1921, Johnson visited Waldron, a small village south of Hudson, on business. While there he learned that Stubing, the assignor, desired some automobile insurance. He went and saw him and talked the matter over and filled out an application for a policy for $1,500, and Stubing gave him a check of $14.50 for the premium. Plaintiff claims this application was temporarily lost and for this reason the policy was not immediately issued. Afterward the application was found and, on February 11, 1921, the policy was written up by Johnson. On the same day the automobile insured was damaged by fire to the amount of $900. The policy was not delivered to Stubing until the 12th of February, the day following the fire. Following the occurrence of the fire some controversy arose between Johnson and the defendant as to the manner in which the business had been transacted, and this resulted in Johnson paying to Stubing the amount of his loss and taking an assignment of his claim. In the end the company refused to pay and this suit was brought by Johnson, as assignee, to recover the amount of the loss.

Defendant resisted the claim on the ground that the policy was not issued until after the fire took place,

and that the policy was wrongfully and fraudulently dated back by Johnson to February 11th. It was further contended that no notice was given to it of the issuance of the policy until after the fire took place. In short, defendant contended that no valid policy was ever issued, nor any valid contract made, and denied all liability on the claim. The issue was tried out before a jury, resulting in a judgment for plaintiff for the amount of the policy and interest thereon.

1. Defendant, at the close of plaintiff's proofs, and again at the conclusion of all the proofs, requested a directed verdict, on the ground that no valid contract of insurance had been shown. It is said in *Michigan Pipe Co.* v. *Insurance Co.*, 92 Mich. 490 (20 L. R. A. 277), that:

"In order to complete a contract for insurance, the minds of the parties must meet and agree to five things: (1) The subject-matter to which the policy is to attach; (2) the risk insured against; (3) the duration of the risk; (4) the amount of indemnity; and (5) the premium to be paid, which must be paid at the time of the contract, or exist as a valid legal charge against the insured. 1 Wood on Insurance, § 5."

Counsel argue that these requisites, or some of them, were not complied with in the present case.

(1) It was clearly shown that the subject-matter of the insurance was an automobile.

(2) It was shown that the risk was against fire and theft.

(3) The duration of the risk was for one year from January 18, 1921, to January 18, 1922. This was shown by the application which Johnson swears was made out at the time he saw Stubing on the 18th of January, 1921, at Waldron. It is also corroborated by the testimony of Johnson. There appears to have

been some general talk between them of another period, but the payment for one year rather indicates that Stubing finally understood, as did Johnson, that the duration of the risk should be for one year.

(4) The amount of indemnity was $1,500. The application showed it was for $1,500. This is also the recollection of Johnson. Stubing thought it was for $1,800.

(5) The premium was understood to be $14.50, and that amount was paid by Stubing on January 18, 1921. Johnson indicated at the time he was not sure whether that was the proper rate, and afterwards, upon advising Stubing that it was not, the proper rate of $21 was paid by Stubing.

There were some minor conflicts in the testimony concerning some of these items, but the whole matter was submitted to the jury, with the instruction that unless these five items were agreed upon, the minds of the parties did not meet and no valid contract resulted. The testimony made this question one for the jury.

2. It is urged by defendant that in case of oral contracts of insurance it is presumed the usual conditions of the policy apply. *Eames* v. *Insurance Co.*, 94 U. S. 629. It was shown that defendant's usual form of policy contained the requirement that proofs of loss should be submitted to the company within 60 days. And it was conceded that no proofs of loss were ever submitted to defendant on account of this loss. Defendant argues from these facts that no recovery can be had in this suit. This argument is undoubtedly sound unless the right to proofs of loss has been waived. Plaintiff's counsel answers this point in effect that no service of proofs of loss was necessary before suit, because the defendant had denied all liability on the policy, in fact, had denied that there was a valid con-

tract; citing *O'Brien* v. *Insurance Co.,* 52 Mich. 131; *Fisk* v. *Insurance Co.,* 192 Mich. 243; *Popa* v. *Insurance Co.,* 192 Mich. 237.

See, also, *Young* v. *Insurance Co.,* 92 Mich. 68; *Morgan* v. *Insurance Co.,* 130 Mich. 427.

The items and particulars of the fire were of no importance to the company, inasmuch as it had denied that any contract existed between it and the insured. The defense that no contract existed was a clear waiver of this provision of the policy.

3. The argument is made that the verdict was against the weight of the evidence. While we think the conduct of plaintiff in negotiating this insurance was somewhat unusual, we are unable to say that the testimony, if believed by the jury, did not fully justify their verdict. Plaintiff was defendant's agent to solicit and write insurance. He had the authority to issue policies without first submitting them to the company. There can be little doubt that he solicited and obtained this insurance on January 18, 1921, and it was equally clear that it was paid for. His failure to issue the policy at once was explained by him. He stated that the application was placed in the pocket of his automobile; that on the following day he took his automobile to Toledo and sold it, and it was several weeks thereafter before he was able to obtain the application. There were other material facts testified to by him which might or might not be believed. This, of course, made it an issue for the jury. Defendant had reason to be suspicious of the circumstances attending the execution of the contract, but under the explanations of plaintiff the questions involved were essentially those of fact, and there was testimony to support them.

Some assignments are made based upon the admission and exclusion of evidence, also upon the

charge of the court. We have examined these and are persuaded that there are no errors raised which merit a reversal of the case.

The judgment will be affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.