KIDD *v.* MINNESOTA ATLANTIC TRANSIT CO.

1. INSURANCE—NOTICE—ESTOPPEL—MASTER AND SERVANT—ILLEGAL EMPLOYMENT.

Where policy required insurer to defend any suit against insured employer although wholly groundless, false, or fraudulent, but provided that insurer was liable only for injuries to employees legally employed, insurer is not estopped from denying liability for judgment against insured in action for personal injuries to employee illegally employed because insurer defended said action, where, before trial, insurer notified insured's receiver that it denied liability because of illegal employment.

2. GARNISHMENT—LIABILITY OF GARNISHEE DEFENDANT.

In garnishment proceedings, plaintiff stands in no better position than that of principal defendant, so that, if there is no liability to principal defendant, there may be no recovery from garnishee defendant.

Appeal from St. Clair; Robertson (William), J. Submitted October 20, 1932. (Docket No. 157, Calendar No. 36,835.) Decided December 6, 1932.

Garnishment after judgment by James Kidd, by next friend, against Minnesota Atlantic Transit Company, principal defendant, and United States Fidelity & Guaranty Company, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Reversed, without a new trial as to garnishee defendant.

*R. J. Inman* (*Stewart & Black,* of counsel), for plaintiff.

*Payne & Payne,* for garnishee defendant.

As to estoppel to deny liability, see annotation in 59 A. L. R. 308.

CLARK, C. J. On July 1, 1928, James Kidd, a boy under the age of 15 years, was employed by defendant Minnesota Atlantic Transit Company. The employment was illegal. 2 Comp. Laws 1929, § 8325. In an action for damages for personal injuries, the illegal employment being deemed the actionable negligence and being so pleaded, plaintiff had verdict and judgment on February 9, 1932. No appeal was taken. The suit was defended by United States Fidelity & Guaranty Company alone and under a compensation and liability policy which it had issued to the employer, the Minnesota Atlantic Transit Company. This policy required the United States Fidelity & Guaranty Company to defend in the name of and on behalf of the employer all suits, etc., although such suits, etc., "are wholly groundless, false or fraudulent." The policy provided indemnity to the employer "against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed."

After judgment plaintiff caused writ of garnishment to issue to United States Fidelity & Guaranty Company. It disclosed no liability or indebtedness to the principal defendant. There was trial of the statutory issue. It appears a receiver had been appointed in the Federal court for the principal defendant. Counsel for the garnishee defendant first learned of this five days before the trial of the principal case, and on February 3, 1932. On that day the attorney for the garnishee defendant wrote to the receiver, Detroit Trust Company, advising fully of the pending case, and stating:

"The suit was being defended with the understanding between the Minnesota Atlantic Transit

Company that if the plaintiff was an illegal employee within the compensation law, the surety company would be relieved of any judgment and that the judgment would have to be paid by the Minnesota Atlantic Transit Company.  This proceeding is always taken by us when we know there is an issue involved regarding illegal employment, but for some reason the Minnesota Atlantic Transit Company never told us about the receivership.   *   *   *   You, as receiver, should take immediate steps, we believe, to protect this litigation."

And, in open court on that day, respective counsel present, the attorney also stated his position in this regard.  From the judgment in garnishment against it, the garnishee defendant has appealed.

The question is that appellant is estopped by its conduct from denying liability.  The rule is stated in a note, 59 A. L. R. 308:

"An insurer which denies its liability under the provision of its policy under consideration, before judgment, and while the insured has sufficient time to protect its interest at the trial of the cause by providing its own counsel, or otherwise, is not estopped, in an action against it on the policy, to plead this provision as a defense in an action upon the policy, although it may have assumed the defense of an action against the employer by an employee."

See *Sargent Manfg. Co.* v. *Travelers' Ins. Co.,* 165 Mich. 87 (34 L. R. A. [N. S.] 491); *Hoffman* v. *Professional Underwriters,* 259 Mich. 633.

It was the duty of the appellant under its policy issued to the employer to defend suits, whether groundless, false, or fraudulent.  If it gave reasonable notice to the employer that it denied liability because of the illegal employment, its defense in the cause would not constitute an estoppel.  *Sargent Manfg. Co.* v. *Travelers' Ins. Co., supra.*

The evidence, and the only evidence, the letter put in by plaintiff and received without objection, is that the principal defendant, some time prior to February 3, 1932, understood, had knowledge and notice, that appellant denied liability because of illegal employment. We think this sufficient. While the order appointing receiver directed it to appear and to conduct prosecution or defense of all actions or proceedings "now pending in any court," counsel do not stress seriously matter of notice to it, as the accident happened before the appointment of receiver (*Daly* v. *Blair,* 183 Mich. 351), but, in any event, the sufficient notice to it was given promptly and as soon as its appointment was known to appellant. Plaintiff in the trial of the statutory issue in garnishment stands in no better position than that of the principal defendant in respect of obligation of appellant to the principal defendant. *Kipkey* v. *Casualty Ass'n of America,* 255 Mich. 408. Appellant was not estopped to deny liability to the principal defendant, and, on this record, it was not so liable.

Reversed, with costs to appellant, and without new trial.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.