Leon Briskman and Hilda Briskman, Appellants, *v.* Glens Falls Indemnity Company of Glens Falls, New York, Respondent.

Lottie Dorfman and Sol Dorfman, Appellants, *v.* Glens Falls Indemnity Company of Glens Falls, New York, Respondent.

(Consolidated Actions.)

First Department, June 11, 1937.

*Sidney S. Bobbé* of counsel [*Benjamin Kirschstein,* attorney], for the appellants Leon Briskman and Hilda Briskman and [*Sidney S. Bobbé,* attorney] for the appellants Lottie Dorfman and Sol Dorfman.

*Sidney J. Loeb* of counsel [*Prince & Loeb,* attorneys], for the respondent.

Per Curiam. The defendant could waive failure of the assured in the past to co-operate in the defense of the action without waiving any such breaches of the policy that might occur thereafter. Consequently, even if the defendant waived the conduct

of the assured in refusing to co-operate in preparing for trial, it did not thereby waive the assured's subsequent refusal to appear at the trial of the action nor prevent the defendant from disclaiming liability on that account.

The court had power to direct a verdict upon the reserved decision on the defendant's motion even after the verdict of the jury in favor of the plaintiffs had been rendered. (*Cohen* v. *Brooklyn & Queens Transit Corp.*, 246 App. Div. 276.)

The order and judgment should be affirmed, with costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment and order unanimously affirmed, with costs.