■ LAURENCE APPELL et al., Respondents, v. LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants.— In an action to declare that the plaintiffs (husband and wife) are entitled to recover from the defendant insurance companies the amount of an unsatisfield judgment theretofore obtained by them in a negligence action against one Norman McConney and his wife, each of the defendants appeals from so much of a judgment of the Supreme Court, Queens County, entered February 17, 1964 after a nonjury trial upon the court's opinion-decision rendered pursuant to stipulated facts, as awarded $3,500 to the plaintiff Laurence Appell against it. As against the defendant Liberty Mutual Insurance Company (which had issued an automobile liability insurance policy to the McConneys), the action is based upon statute (Insurance Law, § 167); and as against the defendant Empire Mutual Insurance Company, the action is based upon the uninsured automobile endorsement contained in an automobile liability insurance policy which it had issued to the plaintiff Catherine Appell. Judgment modified on the law and the facts, without costs: (1) by amending the first decretal paragraph so as to delete the name of the defendant Empire Mutual Insurance Company, and so as to direct that the plaintiff Laurence Appell shall recover the sum of $3,500 from the defendant Liberty Mutual Insurance Company only; (2) by deleting in its entirety the second decretal paragraph thereof (relating to assignment of the prior unsatisfied judgment to the defendant Empire Mutual Insurance Company upon its payment of the judgment); and (3) by adding a new decretal paragraph dismissing the complaint as against the defendant Empire Mutual Insurance Company. As so modified, the judgment, insofar as appealed from, is affirmed, with costs to the plaintiff against the defendant Liberty Mutual Insurance Company. The findings of fact contained or implicit in the opinion-decision of the Special Term, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. Contrary to the finding of the Special Term, we find that plaintiffs failed to give notice of the accident to the McConneys' insurer, Liberty Mutual Insurance Company, "as soon as was reasonably possible." We find there was unexplained delay by plaintiffs in giving such notice to the defendant Liberty; and we hold that such delay constituted a breach of the conditions of the policy (*Deso* v. *London & Lancashire Ind. Co. of America,* 3 N Y 2d 127; *Nelli* v. *National Sur. Corp.,* 34 Misc 2d 976; *Allstate Ins. Co.* v. *Manger,* 30 Misc 2d 326). However, we also find and hold that such delay was waived by Liberty's original disclaimer which was based primarily upon the ground of the McConneys' non-co-operation in violation of the terms of the policy, without mention of plaintiffs' delay in giving it notice of the accident (*Brink* v. *Hanover Fire Ins. Co.,* 80 N. Y. 108; *Shapiro* v. *Employers Liab. Assur. Corp.,* 139 Misc. 454). There is another substantial ground for holding the defendant Liberty liable to the plaintiffs in this action. When a claim is asserted under the statute (Insurance Law, § 167) against an insurer, the insurer, if it does not intend to honor the claim, is duty bound to disclaim as soon as reasonably possible. Upon the facts here, we find that Liberty, the insurer, failed to give such timely notice of disclaimer, in that it unreasonably delayed in giving such notice for two months after its receipt of a copy of the summons and complaint which the plaintiffs had served upon its assured, the McConneys. Such unreasonable delay on the part of the insurer in disclaiming prejudiced the plaintiffs and is sufficient to estop the insurer from now asserting its nonliability under the statute (*Merchant Mut. Cas. Co.*

v. *Wildman,* 21 Misc 2d 1073, affd. 12 A D 2d 664, affd. 9 N Y 2d 985). The prejudice to the plaintiffs arose from the fact that, in reliance upon Liberty's failure to make a timely disclaimer of its liability, the plaintiffs proceeded with the labor and expense of prosecuting their unfruitful action against the McConneys, Liberty's assured (cf. *Brink* v. *Hanover Fire Ins. Co.,* 80 N. Y. 108, *supra*). Since we are holding that the McConneys were covered by insurance, and that their insurer's attempt to disclaim liability was ineffective, there is no basis for any liability on the part of plaintiffs' own insurer, the defendant Empire Mutual Insurance Company, under the uninsured automobile indorsement. Hence, as to that defendant the complaint must be dismissed. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.