Roy **MUNDRY** and Charlotte Mundry, Appellees,

v.

**GREAT AMERICAN INSURANCE COMPANY**, Appellant.

No. 105, Docket 30364.

United States Court of Appeals Second Circuit.

Argued Oct. 27, 1966.

Decided Dec. 14, 1966.

Harold H. Wolgel, New York City (Cohen & Wolf, Bridgeport, Conn., and Gottesman, Wolgel & Smith, New York City, on the brief; Robert J. Ashkins and Lawrence P. Weisman, Bridgeport, Conn., of counsel), for appellant.

Eugene L. Bondy, New York City (I. Russell Stein, New York City, and Helen F. Krause, Trumbull, Conn., on the brief; S. Lawrence Brotmann, New York City, of counsel), for appellees.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

The question we are called upon to decide is whether the Great American Insurance Company ("Insurance Company") waived, and is estopped from asserting, its contractual right to disclaim its liability under an automobile insurance policy because of non-cooperation of its insureds.

## I.

Insurance Company issued a policy to Michael Istvan, covering his automobile and insuring both him and his wife Anna. While Anna was driving the insured vehicle on August 3, 1958, her passenger, Charlotte Mundry, was injured. Charlotte and her husband Roy proceeded to sue the Istvans in the Supreme Court of New York, and the Insurance Company undertook to defend the action, as it was required to do by the terms of the insurance policy.

The New York trial commenced on November 4, 1963, and continued through November 6, 7, and 8. After the Mundrys rested their case on the third day of trial, and before the case for the defense commenced, the counsel for the Insurance Company who was representing the Istvans, advised the court that they were not present in the courtroom. He asked

to have them paged in the corridor outside the courtroom, and when they did not answer, the Insurance Company's disclaimer of liability was presented in these words:

> In view of the fact that neither Mr. nor Mrs. Istvan has appeared for pre-trial conferences before this trial began or have appeared at the trial here, either today or at any time since the trial has been on, the Great American Insurance Company at this time disclaims * * * for the failure of Mr. or Mrs. Istvan to appear here and co-operate in the defense of this action.

Counsel then proceeded to recite into the record the contents of numerous letters and telegrams which had been sent to the Istvans urging them to appear at the trial.[1] But, the Insurance Company did not seek a continuance, nor did it withdraw from the case. Instead, its counsel stated:

> May I just say this: insofar as the Istvans are concerned, I am going to proceed with the case and reserve my rights, and I am not waiving my rights in any manner, shape or form, even though I am proceeding with this lawsuit at this time, since I have been retained as the attorney.

At this point the Mundrys' counsel objected to the insurer proceeding under this reservation of rights, because "either he is representing these defendants or he is not representing these defendants, and

he can't place water on both shoulders and go ahead." The trial judge, however, ruled that the defense could proceed with its case. The Insurance Company then called its witnesses, read from pre-trial examinations, and summed up to the jury. A verdict was later returned for Charlotte Mundry in the sum of $7,000 and for Roy Mundry in the sum of $3,000. No appeal was taken from that judgment.

When the judgment was not satisfied, the Mundrys brought suit directly against the Insurance Company[2] in the United States District Court for Connecticut.[3] For the purposes of this trial, the parties agreed that three issues were to be determined: Did the insureds co-operate with their insurer? Did the insurer use reasonable means to gain co-operation? Even assuming there was a lack of cooperation, did the insurer waive the defense? But, rather than have a jury resolve these questions, they agreed to submit the issue of waiver and estoppel initially to the Court for decision. Accordingly, if Judge Zampano found that the insurer had waived and was estopped from asserting its disclaimer because of its continued participation in the New York trial, the Insurance Company would be liable for the $10,000 judgment, and there would be no need for a jury to decide the other issues. On the other hand, it was agreed that if the judge decided that the insurer had not waived and was not estopped from asserting the disclaimer, then a jury would pass on the

---

1. At least eight letters and telegrams were sent over a six-month period before the trial. One such letter, dated October 8, 1963, read in part: "It is this company's intention to litigate this matter to a final conclusion, but to do so it is absolutely essential that you appear and testify at the trial.

   "Since, on previous occasions, you have advised our representative that you have no intention of cooperating with the Great American Insurance Company or appearing at the trial of this action, we must advise you once again that if you fail to cooperate, in accordance with the terms of your policy, and more particularly if you fail to appear at the trial of this action, this company will immediately disclaim, withdraw from the further de-

fense of the action, and refuse to satisfy any judgment which may be rendered thereafter as a result of this litigation.

   "In addition, we wish to advise you that the plaintiff has demanded $32,000.00 to settle this case, which, as you know, is in excess of your policy limits and it would be to your own self-interest to be present to protect your own rights in excess of the coverage."

2. Suit directly against the insurer is permitted by § 38–175 of the Connecticut General Statutes.

3. Jurisdiction was founded on diversity of citizenship. The Insurance Company is incorporated and has its principal place of business in New York; the Mundrys are citizens of Connecticut.

remaining issues in the case.[4] And, solely for the purpose of facilitating Judge Zampano's decision on the issue before him, the parties stipulated that the Istvans had breached the terms of the insurance policy by failing to cooperate with the Insurance Company. In an opinion reported at 248 F.Supp. 817, the judge found that the insurer had waived and was estopped from asserting its disclaimer, and this appeal followed.

## II.

■ It is clear that in deciding this appeal we must follow Connecticut's choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). But, we need not decide whether those rules would require the Connecticut courts to follow New York law, because the automobile accident occurred there,[5] or Connecticut law, because the insurance policy was written in that state and the insureds resided there. Since we have not been cited to, nor can we find any crucial differences in the law of the two states regarding waiver and estoppel in the circumstances presented here, our task is made simpler.

The scope of the question before us has been narrowed considerably by concessions of counsel. The Insurance Company conceded before us that, by proceeding to trial without reserving its rights, it waived any defense based on pre-trial non-cooperation by its insureds. It argues, nevertheless, that it could not know until the plaintiffs rested their case on the third day of trial, that the insureds would not appear, and that it expressly refused to waive the defense of non-cooperation based on this failure.[6]

Moreover, in the District Court the parties agreed that the alleged waiver and estoppel did not occur before the third day of trial, at which time the insurer proceeded with the defense of the New York action under the reservation of rights to which we have already referred. And finally, the Mundrys' counsel conceded during the argument of this appeal (perhaps this was implicit in the agreement), that the Insurance Company's disclaimer was timely, i. e., even though it could have disclaimed earlier, it need not have done so until the third day of trial when plaintiffs rested.

## III.

■ Despite the Insurance Company's argument to the contrary, prejudice resulting to plaintiff is a relevant consideration under New York law in deciding whether an insurer is estopped from asserting its disclaimer. Appell v. Liberty Mutual Insurance Co., 22 A.D.2d 906, 255 N.Y.S.2d 545 (2d Dept. 1964); Allstate Insurance Co. v. Mange., 30 Misc.2d 326, 331–333, 213 N.Y.S.2d 901, 907–909 (1961). Connecticut law is not in conflict, for although the Connecticut statute permitting suit directly against the insurer[7] states that the plaintiffs "shall be subrogated to all rights" of the insured, we believe it is highly unlikely that the Connecticut Legislature intended to exclude any consideration of prejudice resulting to the plaintiffs from the insurer's conduct. Thus in Goergen v. Manufacturers' Casualty Ins. Co., 117 Conn. 89, 166 A. 757 (1933), the insurer was taken by surprise when its insureds failed to appear at trial, but failed to ask for a continuance or to reserve its rights. In the subsequent action directly against

---

4. The Mundrys claimed before Judge Zampano that the question whether the insurer was prejudiced by the Istvans' lack of cooperation is also an issue to be submitted to the jury. This point was not presented to us on appeal and the District Judge is free to give such consideration to it as he deems appropriate.

5. The record does not indicate where the accident occurred, but while taking a deposition of Mrs. Istvan for the trial in the District Court, counsel indicated the accident occurred in New York.

6. The Mundrys conceded during the argument of this appeal that this partial waiver is permissible under the authority of Briskman v. Glens Falls Indemnity Co., 251 App.Div. 319, 296 N.Y.S. 519 (1st Dept.1937).

7. See note 2, supra.

the insurer under the Connecticut statute, the Supreme Court of Errors of that state held the insurer had waived and was estopped from asserting its disclaimer made after the verdict. The *ratio decidendi* for this, as Judge A. N. Hand stated in Shelby Mutual Casualty Co. v. Richmond, 185 F.2d 803, 806–807 (2d Cir. 1950), was that "by its conduct, [the insurer] had held itself out to the injured party as willing to pay the judgment, and because as a result of those representations the injured party had continued his suit against the insured."

But, in the instant case appellees do not argue, nor in view of their concession that the disclaimer was timely can we find, that they were prejudiced by the insurer's action. After the insurer's disclaimer, the Mundrys were free to discontinue their suit and save themselves the time and expense of the balance of the litigation, if they thought the Istvans were judgment proof.

■ The Mundrys also contend that the Insurance Company should have asked, on the third day of trial, for a continuance to notify its insureds that it was disclaiming, and then withdrawn from the case. They insist that by the insurer's failure to do so, it waived any right to disclaim because of the resultant prejudice to the Istvans, to whose rights they have been subrogated. It is true, that, generally, an insurer is required to notify its insured and obtain his consent before defending under a reservation of rights.[8] The reason for this requirement is sound. It affords the insured an opportunity to retain independent counsel and to take over the defense, and either settle the case or conduct the defense more vigorously than the insurer would after announcing an intention to disclaim.

■ But, however desirable it would have been for the Insurance Company to have sought a continuance and withdrawn, the Istvans were not prejudiced by the insurer's defense of the suit without notifying them. The Istvans displayed from the beginning a blatant non-cooperative attitude. They showed a total lack of interest in the lawsuit against them and it is quite clear that there was not even a remote chance that they would have retained independent counsel even if the Insurance Company had notified them on the third day of trial that it was continuing to defend under a reservation of rights.[9] In the circumstances of this case, we believe the insurer did not waive nor should it be estopped from asserting its disclaimer for neither the Mundrys nor the Istvans were prejudiced in any meaningful way.

We recognize that by continuing to defend the New York action under a reservation of rights the insurer was hedging its position. It hoped to obtain a verdict of non-liability on the merits and, failing that, to assert its disclaimer. But, this does not amount to an implied waiver, where, as here, a jury will still have to determine if the insureds cooperated with their insurer and whether the insurer used reasonable means to gain their cooperation.

Reversed and remanded.

8. 7A Appleman, Insurance Law and Practice, § 4694.

9. Cf. Kearns Coal Corp. v. United States Fidelity & Guaranty Co., 118 F.2d 33, 36 (2d Cir.), cert. denied, 313 U.S. 579, 61 S.Ct. 1099, 85 L.Ed. 1536 (1941). In Bronkie v. Lumbermen's Mut. Cas. Co., 3 Conn.Supp. 364 (1936), it was likely that the insured would have retained independent counsel if the insurer had notified him of its disclaimer.