KIRSCHNER v PROCESS DESIGN ASSOCIATES, INC

Docket Nos. 109609, 109610. Argued January 21, 1999 (Calendar No. 9). Decided May 11, 1999.

Alden K. and Naomi F. Kirschner brought an action in the Alpena Circuit Court against Process Design Associates, Inc., General Accident Insurance Company of America, its insurer, and others, for injuries suffered by Alden Kirschner in the course of his employment when certain equipment malfunctioned. Process Design was alleged to have designed, manufactured, and installed the equipment. GAI defended under a reservation of rights, and so notified Process Design, but did not notify the plaintiffs about the potential lack of coverage. The court, John F. Kowalski, J., entered judgment for the plaintiffs on a jury verdict. The plaintiffs then brought a garnishment action against GAI to satisfy the judgment. The court granted summary disposition for the plaintiffs, concluding that the jury's verdict fell within policy exclusions and that GAI had provided adequate notice to its insured, Process Design, of a reservation of rights. However, it determined that GAI was estopped from asserting the exclusions against the plaintiffs because GAI had failed to adequately notify them about the potential lack of insurance coverage. The Court of Appeals, SAAD and J. P. ADAIR, JJ. (GRIBBS, P.J., dissenting), reversed the judgment of the trial court in an unpublished opinion per curiam, concluding that Process Design's answer to an interrogatory regarding insurance coverage was not a basis to estop GAI from enforcing the policy exclusions against the plaintiffs, that the answer to the interrogatory was not false or misleading, and that, while GAI was required to notify its insured, Process Design, of a reservation of rights, it did not have a duty to notify the plaintiffs. Because Process Design had received adequate notice, it was not proper for the trial court to consider prejudice to the plaintiffs because they had no greater rights than Process Design (Docket Nos. 182861, 183858). The plaintiffs appeal.

In an opinion by Chief Justice WEAVER, joined by Justices BRICKLEY, TAYLOR, CORRIGAN, and YOUNG, the Supreme Court *held*:

GAI is not estopped from enforcing the policy exclusions against the plaintiffs. GAI satisfied its duty to notify its insured, Process Design, that it was defending the case under a reservation of rights. There is no additional duty that requires an insurer that is not a party to the lawsuit to notify a plaintiff about a potential lack of coverage. Moreover, GAI cannot be estopped from enforcing the policy exclusions against the plaintiffs because of an answer given by Process Design to an interrogatory regarding insurance coverage.

1. Generally, once an insurance company has denied coverage to an insured and has stated its defenses, it has waived or is estopped from raising new defenses. Further, when an insurance company undertakes the defense of its insured, it has a duty to give reasonable notice to the insured that it is proceeding under a reservation of rights or it will be estopped from denying its liability. The application of waiver and estoppel is limited, and, usually, the doctrines will not be applied to broaden the coverage of a policy to protect the insured against risks that were not included in the policy or that were expressly excluded from the policy. However, waiver or estoppel have never been applied to extend coverage beyond the terms of a policy when an insurer who is not a party to the underlying litigation fails to notify a plaintiff who is not the insured of a reservation of rights.

2. In this case, it is undisputed that GAI provided its insured, Process Design, with reasonable notice of its reservation of rights, and, thus, Process Design was not prejudiced by a lack of notice that GAI was defending under a reservation of rights. The plaintiffs, as judgment creditors, stand in no better position than that of the principal defendant, Process Design, and they are entitled to recover against GAI only to the extent that Process Design could recover against GAI. Because Process Design cannot apply the doctrine of waiver or estoppel to extend coverage beyond the terms of the policy, neither can the plaintiffs.

3. Pursuant to MCR 2.114(E), a court may sanction a party's attorney or the represented party for providing a false or misleading answer to an interrogatory. Generally, however, no attorney-client relationship exists between an insurance company and the attorney representing the insurance company's insured. The attorney's sole loyalty and duty is owed to the client, not to the insurer. Even if Process Design's answer to the interrogatory in question could be characterized as misleading, GAI should not be estopped

from enforcing the policy exclusions. The answer is not chargeable to GAI, but to Process Design.

Justice KELLY, joined by Justice CAVANAGH, concurring, stated that because Michigan law historically has not required notification of a reservation of rights, the defendant should not be estopped from asserting that defense. However, in future cases where an insurer defends under a reservation of rights, it should promptly notify both the court and the other parties of its intention. Failure to timely disclose a disclaimer of liability should subject an insurer to possible estoppel. A court should be empowered to refuse to give effect to a reservation of rights when it determines that the insured's failure to give timely notice prejudiced the plaintiff.

Affirmed.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *J. D. Ledbetter* and *Patrick Burkett*), for plaintiffs-appellants.

*Nemier, Tolari, Landry, Mazzeo & Johnson, P.C.* (by *Jeffrey L. Tolari* and *Michelle E. Mathieu*), for garnishee defendant-appellee.

WEAVER, C.J. We granted leave to determine whether defendant General Accident Insurance Company of America (GAI), which insured defendant Process Design Associates, should be estopped from enforcing policy exclusions against plaintiffs during a garnishment action initiated by plaintiffs to satisfy a judgment rendered against Process Design. We hold that GAI is not estopped from enforcing the policy exclusions against plaintiffs. GAI satisfied its duty to notify its insured, Process Design, that it was defending the case under a reservation of rights. Under Michigan law, there is no additional duty that requires an insurer that is not a party to the lawsuit to notify a plaintiff about a potential lack of coverage. Moreover, GAI cannot be estopped from enforcing the policy

exclusions against plaintiffs because of an answer given by Process Design to an interrogatory regarding insurance coverage.

I

Plaintiff Alden Kirschner was injured at his place of employment in September 1987, when a heated mixture of caustic soda erupted from a caul plate washing system, splashing his face, eyes, and upper body and causing chemical burn injuries. In September 1988, plaintiffs[1] filed suit against several parties, including defendant Process Design. Process Design had allegedly designed, manufactured, and installed the equipment that caused the injury. Process Design was insured by defendant GAI.

On April 29, 1989, the complaint was amended to add additional defendants. The amended complaint alleged eleven theories of liability. Process Design was served with the amended complaint, as well as plaintiffs' first interrogatories and first request for production of documents on June 7, 1989. On June 23, 1989, Walt McVey, a claims representative for GAI, sent a letter to plaintiffs' counsel that stated in pertinent part:

> As I have indicated to you we have just begun the investigation into this matter and are attempting same under a reservation. Once we have resolved all coverage and liability issues I will advise accordingly. Should you have any questions, please feel free to contact me at the above captioned number.

---

[1] Mrs. Kirschner's claim is derivative of her husband's.

On June 28, 1989, GAI assigned the defense of its insured, Process Design, to counsel Eugene Hoiby. Hoiby was advised that GAI was defending under a reservation of rights. On June 30, 1989, GAI sent the first of three reservation of rights letters to Process Design. Subsequent letters were sent on March 19, 1991, and August 31, 1992. GAI defended the action under a reservation of rights because some of plaintiffs' allegations—specifically those alleging negligent design—were excluded from coverage under the applicable policy. It is undisputed that GAI's insured, Process Design, understood that GAI would not indemnify Process Design if the jury reached a verdict based upon a finding of negligent design or engineering.

On December 13, 1989, Process Design answered plaintiffs' first interrogatories. Interrogatory 7 asked, "Was there any policy of insurance covering the Defendant on the date of this incident against the type of claim involved in this matter?" Additionally, if there was a policy, the interrogatory requested: "(a) The name and address of the insurer. (b) The name and address of the insured. (c) Whether primary or secondary coverage, policy number. (d) Effective dates of the coverage. (e) Limits of liability. (f) Deductible or self-insured retention, if any." Process Design responded to the interrogatory with the following answer: "General Accident Insurance Company, P.O. Box 16666, Columbus, Ohio, $1,000,000.00 coverage." Plaintiffs' counsel admits that he did not pursue production of the policy itself.

The case proceeded to trial against Process Design only. Plaintiffs' theory throughout the trial was that Process Design had negligently designed the equip-

ment that caused the injury, and plaintiffs ultimately received a jury verdict on that basis. Plaintiffs then brought a garnishment action against GAI to satisfy the judgment. GAI moved for summary disposition, seeking to enforce the policy exclusion. The trial court concluded that the jury verdict fell within the policy exclusion and that GAI had provided adequate notice to its insured, Process Design, of a reservation of rights. However, the trial court determined that GAI was estopped from asserting the exclusions against plaintiffs because GAI had failed to adequately notify plaintiffs about the potential lack of insurance coverage. Accordingly, the trial court granted summary disposition in favor of plaintiffs.

In a two-to-one decision, the Court of Appeals reversed the judgment of the trial court, concluding that Process Design's answer to the interrogatory was not a basis to estop GAI from enforcing the policy exclusions against plaintiffs.[2] The Court of Appeals noted that the general rule is that an attorney representing an insurance company's insured owes a duty to the client—the insured—and not to the insurance company. Slip op, p 2. The Court of Appeals also determined that the answer to the interrogatory was not false or misleading, as many of the eleven allegations raised in the complaint were covered by the policy because they were not based upon negligent design or engineering. Thus, Process Design did have coverage for the "type of claim" involved. Slip op, pp 2-3. Finally, the Court of Appeals held that while GAI was required to notify its insured, Process Design, of

---

[2] Unpublished opinion per curiam, issued May 9, 1997 (Docket Nos. 182861, 183858), slip op, p 2.

a reservation of rights, it did not have a duty to notify plaintiffs. Because Process Design had received adequate notice, it was not proper for the trial court to consider prejudice to plaintiffs because plaintiffs had no greater rights than did Process Design. Consequently, the Court of Appeals concluded that summary disposition should have been granted in favor of GAI. Slip op, pp 3-4. This Court granted leave to appeal. 458 Mich 875 (1998).

II

Generally, once an insurance company has denied coverage to an insured and stated its defenses, the insurance company has waived or is estopped from raising new defenses. *Michigan Twp Participating Plan v Federal Ins Co*, 233 Mich App 422, 435-436; 592 NW2d 760 (1999); *Smit v State Farm Mut Automobile Ins Co*, 207 Mich App 674, 679-680; 525 NW2d 528 (1994); see also *Johnson v Yorkshire Ins Co*, 224 Mich 493, 496-497; 195 NW 45 (1923). Further, when an insurance company undertakes the defense of its insured, it has a duty to give reasonable notice to the *insured* that it is proceeding under a reservation of rights, or the insurance company will be estopped from denying its liability. *Meirthew v Last*, 376 Mich 33, 39; 135 NW2d 353 (1965) (emphasis added).[3] The

---

[3] We note that two of the cases cited in the concurring opinion (which opinion in future cases would require the insurer to give notice to all parties that it is proceeding under a reservation of rights) speak of the insurer's duty to notify its *insured* that it is proceeding under a reservation of rights. In *Allstate Ins Co v Manger*, 30 Misc 2d 326, 331; 213 NYS2d 901 (1961), the court, quoting *Jewtraw v Hartford Accident & Indemnity Co*, 280 AD 150, 154; 112 NYS2d 727 (1952), stated, " 'All the company was bound to do was to give fair notice to the insured that it did not intend to waive its rights under the policy by proceeding with a defense of

application of waiver and estoppel is limited, and, usually, the doctrines will not be applied to broaden the coverage of a policy to protect the insured against risks that were not included in the policy or that were expressly excluded from the policy. *Ruddock v Detroit Life Ins Co*, 209 Mich 638, 654; 177 NW 242 (1920); *Lee v Evergreen Regency Cooperative*, 151 Mich App 281, 285; 390 NW2d 183 (1986). This is because an insurance company should not be required to pay for a loss for which it has charged no premium. *Id.* As this Court has explained, applying the doctrine of waiver and estoppel to broaden the coverage of a policy would make a contract of insurance

> cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make. [*Ruddock, supra* at 654.]

Despite the limited applications of waiver and estoppel, in some instances, courts have applied the doctrines to bring within coverage risks not covered by the policy. *Smit, supra* at 679-683; *Lee, supra* at 286-287. For example, in situations in which the insurance company has misrepresented the terms of the policy to the insured or defended the insured without reserving the right to deny coverage, courts have

---

the action.' " In *Mundry v Great American Ins Co*, 369 F2d 678, 682 (CA 2, 1966), although the court stated that prejudice to plaintiff is a relevant consideration *under New York and Connecticut law*, the court also stated, "It is true, that, generally, an insurer is required to notify its insured and obtain his consent before defending under a reservation of rights."

extended coverage beyond the terms of the policy when the inequity to the insurer as a result of the broadened coverage is outweighed by the inequity suffered by the insured. *Smit, supra* at 682-683; *Lee, supra* at 287. However, we have never held that waiver or estoppel can be applied to extend coverage beyond the terms of the policy when an insurer, who is not a party to the underlying litigation, fails to notify a plaintiff, who is not the insured, of a reservation of rights.[4]

---

[4] Plaintiffs argue that *Meirthew* stands for the proposition that notice must also be given to a plaintiff. This argument is premised on the Court's statement in that case:

> We hold the notice legally insufficient; also that it came too late to avoid presumptive prejudice of Last's rights and plaintiff's consequential rights. The notice was vague and uncertain. It smacks of bad faith for want of specific reference to that clause of the policy the garnishee has pleaded. In no field of law is legal duty more rigidly enforced than in instances as at bar. The insurer must fulfill its policy-contracted obligation with utmost loyalty to its insured; not for the purpose of developing, secretly or otherwise, a policy defense. When a conflict of interest—even a mere possibility thereof—arises, the law suggests (if it does not require) that the insurer act promptly and openly, on peril of estoppel, preferably upon a record made in the pending case (if pending as here) with the court fully apprised of all necessary details; also that the insurer act thus on time for arms' length actions which may protect the respective rights of both parties to the contract of insurance. [*Id.* at 38.]

We disagree that this statement requires the insurance company, which is not a party to the suit, to notify a plaintiff of a reservation of rights. The general rule stated in *Meirthew* is that notice is required to the *insured*. *Id.* at 39. The insurance company in *Meirthew* failed to satisfy that obligation. Moreover, *Meirthew* involved a conflict of interest, because the same attorney represented both the insured and the insurance company at different points in the proceedings. *Id.* at 36.

A

In the present case, it is undisputed that GAI provided its *insured,* Process Design, with reasonable notice of its reservation of rights. The first reservation of rights letter was sent within one month of Process Design's receipt of plaintiffs' amended complaint.[5] Two subsequent reservations of rights letters were also sent. Thus, it is apparent that Process Design was not prejudiced by a lack of notice that GAI was defending under a reservation of rights.[6] Therefore, in this case, plaintiffs, as judgment creditors, stand in no better position than that of the principal defendant, Process Design Associates, and they are entitled to recover against GAI only to the extent that Process Design could recover against GAI. *Kidd v Minnesota Atlantic Transit Co,* 261 Mich 31, 34; 245 NW 561 (1932); *Smit, supra* at 683. Because Process Design cannot apply the doctrine of waiver or estoppel to extend coverage beyond the terms of the policy, neither can the plaintiffs. GAI aptly identified why plaintiffs' claim fails when it observed that plaintiffs did not simply want to stand in Process Design's shoes, but rather wanted new shoes.

---

[5] In fact, on June 23, 1989, plaintiff's counsel also received a letter from GAI's claims representative, Walt McVey, which indicated that GAI was investigating the matter under a reservation and that coverage and liability issues had yet to be resolved.

[6] The concurring opinion, quoting *Fellows v Mauser,* 302 F Supp 929 (D Vt, 1969), argues that prejudice to the plaintiff should be considered. Although *Fellows* does consider prejudice to the plaintiff, we also note that the court in that case concluded that the insured had fulfilled his duty to cooperate with the insurer, so that the insurer could not disclaim liability on the basis of noncooperation and that the insurer had not sufficiently reserved its rights regarding its insured. *Id.* at 934-936.

B

Despite the fact that GAI satisfied its duty to notify Process Design of its reservation of rights, plaintiffs argue that GAI should be estopped from denying coverage because of Process Design's answer to an interrogatory regarding insurance coverage. Process Design offered the following answer in response to plaintiffs' interrogatory asking whether there was "any policy of insurance covering the Defendant on the date of this incident against the type of claim involved in this matter":

> General Accident Insurance Company
> P.O. Box 16666, Columbus, Ohio
> $1,000,000.00 coverage.

Plaintiffs contend that this answer was misleading because GAI was proceeding under a reservation of rights and that the answer should estop GAI from asserting the policy exclusions.

Pursuant to MCR 2.309(B)(1):

> Each interrogatory must be answered separately and fully in writing under oath. The answers must include such information as is available to the *party served* or that the party could obtain from his or her employees, agents, representatives, sureties, or indemnitors. If the *answering party* objects to an interrogatory, the reasons for the objection must be stated in lieu of an answer. [Emphasis added.]

Pursuant to MCR 2.114(E), the court may sanction a party's attorney or the represented party for providing a false or misleading answer to an interrogatory. Despite the fact that Process Design is the answering party in this case and that Process Design, as well as

its attorney, could be sanctioned for a misleading answer, plaintiffs' argument implies that the insurer, GAI, should be held responsible for the answer of its insured, Process Design, to the interrogatory. We disagree.

The general rule is that "[n]o attorney-client relationship exists between an insurance company and the attorney representing the insurance company's insured. The attorney's sole loyalty and duty is owed to the client, not to the insurer." *Michigan Millers Mut Ins Co v Bronson Plating Co*, 197 Mich App 482, 492; 496 NW2d 373 (1992), aff'd 445 Mich 558; 519 NW2d 864 (1994).[7] Even if one could characterize the answer to the interrogatory as misleading,[8] we decline to hold that GAI should be estopped from enforcing the policy exclusions. The answer to the interrogatory is not chargeable to GAI but to Process Design. It is Process Design and its attorney who should be held accountable for the answer. Therefore, we hold that Process Design's answer to the interrogatory does not

---

[7] See also *Atlanta Int'l Ins Co v Bell*, 438 Mich 512, 516; 475 NW2d 294 (1992) (BRICKLEY, J.) ("[s]omething less than a plenary attorney-client relationship exists between a defense counsel and an insurer"), 524 (BOYLE, J., concurring) ("[N]o attorney-client relationship exists between a defense counsel and an insurer. The attorney-client relationship is with the insured only").

[8] We do not think the answer can be characterized as misleading. At the time the interrogatory was answered, plaintiffs' complaint contained eleven different theories of liability, some of which were covered by the policy. Thus, Process Design did have coverage for the "type of claim" involved. By way of affidavit, Process Design's counsel states that, although he was aware that the defense was under a reservation of rights, he did not concern himself with coverage issues during the course of the representation, but focused on the fact that Process Design did not design the tank in question. Moreover, the interrogatory did not ask whether there was a reservation of rights for any of the claims made, and plaintiffs' counsel admitted that he did not pursue production of the policy itself.

provide a basis for estopping GAI from enforcing the policy exclusions.

III

In summary, we hold that GAI is not estopped from enforcing the policy exclusions against plaintiffs. GAI satisfied its duty to notify its insured, Process Design, that it was defending the case under a reservation of rights. Under Michigan law, there is no additional duty that requires an insurer that is not a party to the lawsuit to notify a plaintiff about a potential lack of coverage. Moreover, GAI cannot be estopped from enforcing the policy exclusions against plaintiffs because of an answer given by Process Design to an interrogatory regarding insurance coverage. The answer to the interrogatory is not chargeable to GAI but to its insured, Process Design Associates.

Affirmed.

BRICKLEY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred with WEAVER, C.J.

KELLY, J. I concur in the result reached by the majority. However I write separately to express my view concerning future actions. I would hold that, in future cases where an insurer defends under a reservation of rights, it must promptly notify both the court and the other parties of its intention. Also, I would favor the imposition of a court rule to that effect, in accordance with the procedures outlined in MCR 1.201.

The rationale behind the requirement is twofold: First, notification to the court is a simple courtesy and would promote efficient use of judicial resources and more fully inform the court of issues possibly emerging at trial. Having knowledge that an insurer is defending under a reservation of rights, the trial court

may better assess the likelihood of pretrial settlement and plan accordingly. This Court should adopt a rule of notification in the interest of docket management.

Second, although the adjudication of the underlying claim is of consequence to a plaintiff, the practical effects of an insurer's reservation of rights are also significant. With the rising cost of litigation, a major factor in a plaintiff's decision to pursue a claim is the actual ability to recover for injury. It would seem in the interests of all parties, then, to fully disclose an insurer's potential liability in the eventuality that a jury finds for the plaintiff.

Failure to timely disclose a disclaimer of liability should subject an insurer to possible estoppel. I note that other jurisdictions have held that prejudice resulting to a plaintiff is a relevant consideration in deciding whether an insurer is estopped from disclaiming coverage. *Appell v Liberty Mut Ins Co*, 22 AD2d 906; 255 NYS2d 545 (1964); *Mundry v Great American Ins Co*, 369 F2d 678, 681 (CA 2, 1966).[1] As

---

[1] The majority characterizes this case as speaking of the insurer's duty to notify its insured that it is proceeding under a reservation of rights. However, *Mundry* also discusses the ramifications to injured plaintiffs. It states that, where plaintiffs are prejudiced by an insurer's actions, that fact should be taken into account in deciding whether to give effect to a reservation of rights:

Despite the Insurance Company's argument to the contrary, prejudice resulting to plaintiff is a relevant consideration under New York law in deciding whether an insurer is estopped from asserting its disclaimer. *Appell v Liberty Mutual Insurance Co*, 22 AD2d 906; 255 NYS2d 545 (1964); *Allstate Insurance Co v Manger*, 30 Misc 2d 326, 331-333; 213 NYS2d 901, 907-909 (1961). Connecticut law is not in conflict, for although the Connecticut statute permitting suit directly against the insurer states that the plaintiffs "shall be subrogated to all rights" of the insured, we believe it is highly unlikely that the Connecticut Legislature intended to exclude any consideration of prejudice resulting to the plaintiffs from the insurer's conduct. Thus in *Goergen v Manufacturers Casualty Ins Co*, 117 Conn 89; 166 A 757 (1933), the insurer was taken by surprise when its insureds failed to appear at trial, but failed to ask for a continuance or to reserve its rights. In the subsequent action directly against the insurer under the Connecticut statute,

aptly stated in *Fellows v Mauser*:[2]

> [T]he court should determine to what extent the plaintiff will be prejudiced in deciding whether to give effect to a reservation of rights. The prejudice referred to in *Mundry* relates to the fact that an insurance company by defending a suit "(holds) itself out to the injured party as willing to pay the judgment." *Shelby Mut Cas Co v Richmond*, 185 F2d 803, 806 (CA 2, 1950). Thus, if a plaintiff brings suit against a judgment proof motor vehicle operator and goes to trial on that suit relying on the fact that an insurance company has taken over the defense, the plaintiff would be severely prejudiced if he learned after trial that there was a reservation of rights and the insurer will not pay the judgment. [302 F Supp 937.]

I would adopt this reasoning.

As Michigan law historically has not required notification of a reservation of rights, I agree with the majority that defendant should not be estopped from asserting its defense here. However, a different rule should adhere in future cases. In addition to notifying its insured that it is acting under a reservation of rights, I would require the insurer to timely notify the court and the other parties. A court should be empowered to refuse to give effect to a reservation of rights when it determines that the insured's failure to give timely notice prejudiced the plaintiff.

CAVANAGH, J., concurred with KELLY, J.

---

the Supreme Court of Errors of that state held that insurer had waived and was estopped from asserting its disclaimer made after the verdict. The ratio decidendi for this, as Judge A. N. Hand stated in *Shelby Mutual Casualty Co v Richmond*, 185 F2d 803, 806-807 (CA 2, 1950), was that "by its conduct, (the insurer) had held itself out to the injured party as willing to pay the judgment, and because as a result of those representations the injured party had continued his suit against the insured." [*Mundry, supra*, 369 F2d 681-682.]

[2] 302 F Supp 929 (D Vt, 1969).