ENGLE v ZURICH-AMERICAN INSURANCE GROUP (ON REMAND)

Docket No. 174552. Submitted March 17, 1998, at Detroit. Decided May 26, 1998, at 9:20 A.M. Leave to appeal sought.

Paul E. Engle brought an action in the Wayne Circuit Court against Zurich-American Insurance Group, Liberty Mutual Insurance Company, and Beverly McConnell, seeking a declaration concerning which of the defendant insurers' automobile insurance policies provided coverage against McConnell's personal injury action against the plaintiff. McConnell's action had arisen from a collision between the plaintiff's truck tractor and McConnell's automobile. The plaintiff had leased the tractor, complete with driver, to B & W Cartage Company and had insured the tractor with Zurich-American under a bobtail policy. B & W also had insured the tractor with Liberty Mutual. At the time of the accident, which occurred when B & W's offices were closed, the plaintiff was headed back to B & W's yard after delivering a loaded trailer. Although not required to do so, plaintiff routinely parked his tractor at the B & W yard and checked with B & W's dispatcher for messages during B & W's office hours. The court, Michael L. Stacey, J., on cross-motions for summary disposition, granted summary disposition against Zurich-American and for Liberty Mutual after ruling inapplicable a provision in the Zurich-American policy excluding coverage "[w]hile the automobile is being used in the business of any person or organization to whom the automobile is rented." Zurich-American appealed. The plaintiff cross appealed the grant of summary disposition for Liberty Mutual, arguing that if the Zurich policy did not provide coverage, then the policy issued by Liberty did. The Court affirmed the decision of the trial court, with the majority declining to review the issue whether Liberty's policy provided coverage. 216 Mich App 482 (1996). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals to consider whether Liberty's policy provided coverage. 455 Mich 865 (1997).

On remand, the Court of Appeals *held*:

1. The prior holding of the Court of Appeals that the policy issued by Zurich affords coverage does not preclude a determination that the policy issued by Liberty affords coverage as well.

2. Engle was covered under the policy issued by Liberty as a permissive user. Liberty's policy includes a clause extending coverage to permissive users and Engle was a permissive user at the time of the accident.

3. The like insurance clause in Liberty's policy, when strictly construed against Liberty, does not exclude Engle from coverage as a permissive user.

4. Because Engle is entitled to coverage under both insurance policies, the portions of the trial court's order granting Liberty's motion for summary disposition and denying Engle's motion for summary disposition with regard to Liberty must be reversed. The remainder of the court's order must be affirmed and the matter must be remanded for entry of an order of summary disposition in favor of Engle against Liberty. The Court of Appeals declined to address issues relating to the respective rights of Zurich and Liberty as against each other because they were not in an adversarial posture in the trial court and the trial court did not address those issues.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — JUDICIAL CONSTRUCTION — MULTIPLE INSURERS.

A court's determination that an insurance policy provides coverage for an insured does not preclude a determination by the court that a second policy, issued by a different insurer, affords coverage as well where the two policies by their own terms provide coverage for the insured.

2. INSURANCE — JUDICIAL CONSTRUCTION — EXCLUSIONARY CLAUSES.

Exclusionary clauses in insurance contracts are strictly construed against the insurer.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Zurich-American Insurance Group.

*Beresh, Prokopp & Sekerak* (by *David G. Sekerak*) (*Garan, Lucow, Miller & Seward, P.C.*, by *Robert D. Goldstein*, of Counsel), for Liberty Mutual Insurance Company.

ON REMAND

Before: WAHLS, P.J., and REILLY and O'CONNELL, JJ.

PER CURIAM. Plaintiff brought this action seeking a declaration of his rights under insurance policies issued by defendants Zurich-American Insurance Group and Liberty Mutual Insurance Company. The trial court ruled that the policy issued by Zurich, but not the policy issued by Liberty, provided coverage. Accordingly, the trial court granted summary disposition in favor of plaintiff against Zurich and in favor of Liberty against plaintiff. Zurich appealed, arguing that its policy did not provide coverage. Plaintiff cross appealed, arguing that if the policy issued by Zurich did not provide coverage, then the policy issued by Liberty did provide coverage. In a majority opinion, this Court affirmed the decision of the trial court and declined to review the issue whether Liberty's policy provided coverage. See *Engle v Zurich American Ins Group*, 216 Mich App 482; 549 NW2d 589 (1996). Zurich then sought leave to appeal. In lieu of granting leave, the Michigan Supreme Court remanded the case to this Court for consideration of whether Liberty's policy provided coverage. 455 Mich 865 (1997). We now answer that question in the affirmative, affirm in part, reverse in part, and remand.

The facts of this case have been adequately set forth in our previous opinion. Much like any other contract, an insurance policy is an agreement between the parties. When presented with a dispute, a court must determine the parties' agreement and enforce it. *Zurich-American Ins Co v Amerisure Ins Co*, 215 Mich App 526, 530-531; 547 NW2d 52 (1996). An insurance contract is clear if it fairly admits of but one interpretation. *Raska v Farm Bureau Mut Ins Co*, 412 Mich 355, 361-362; 314 NW2d 440 (1982). If an insurance contract is clear, it will be enforced as writ-

ten no matter how inartfully worded or clumsily arranged. *Id.* In this case, because the insurance obligations of Zurich and Liberty are governed by the terms of each of their individual policies, our holding that the policy issued by Zurich affords coverage does not preclude a determination that the policy issued by Liberty affords coverage as well. See *Amerisure, supra* at 531.

Zurich argues in its supplemental brief on remand that plaintiff was covered under the policy issued by Liberty as a permissive user. We agree. Liberty's policy includes a clause extending coverage to permissive users that is identical to the "permissive user clause" construed by this Court in *Amerisure, supra* at 531-534. In that case, we held that the owner and driver of a truck tractor leased to a carrier was covered under the carrier's truck liability insurance as a permissive user when he was involved in an accident while driving his tractor to a facility in Ohio for repair of the heater motor. *Id.* at 528-529, 531-534. Because the facts of this case are similar in all relevant respects, we conclude that, at the time of the accident, plaintiff was a permissive user entitled to coverage under the permissive user clause contained in Liberty's policy.

In response to Zurich's argument, Liberty argues that, although plaintiff may have been a permissive user at the time of the accident, he was specifically excluded from coverage by a separate provision of its policy that was either not included or not addressed in the truck liability insurance policy construed in the *Amerisure* case. After listing five classes of persons insured under its policy (including permissive users such as plaintiff), Liberty's policy provides as follows:

None of the following is an insured:

1. Any trucker, or his or her agents or employees, other than you and your employees:

*     *     *

b. If the trucker is insured for hired autos under an auto liability insurance policy which does not insure on a primary basis the owners of the autos and their agents and employees while the autos are being used exclusively in the trucker's business and over a route or territory the trucker is authorized to serve by public authority.

Liberty argues that this "like insurance clause" excludes plaintiff from coverage because it describes plaintiff and the insurance policy issued to him by Zurich. We disagree with the construction urged by Liberty.[1]

Exclusionary clauses in insurance contracts are to be strictly construed against the insurer. *Fire Ins Exchange v Diehl*, 450 Mich 678, 687; 545 NW2d 602 (1996); *Amerisure, supra* at 533. Liberty's policy defines "trucker" as meaning "any person or organization engaged in the business of transporting property by auto for hire." This definition could arguably refer to plaintiff. However, if we read the word "trucker" in Liberty's like insurance clause as applying to plaintiff, the clause would not exclude plaintiff from coverage, because the sort of "like insurance" described therein as triggering an exclusion from coverage under Liberty's policy would not describe plaintiff's policy with Zurich. This is so because plaintiff's policy with Zurich is not the type of policy that, as described in Liberty's like insurance clause, "does not insure on a

---

[1] Zurich does not address Liberty's like insurance clause in its supplemental brief on remand.

primary basis the owners of the autos and their agents and employees while the autos are being used exclusively in the trucker's [in this case, plaintiff's] business and over a route or territory the trucker [plaintiff] is authorized to serve by public authority." Although plaintiff's policy with Zurich excludes plaintiff from coverage when his truck tractor is used in "the business of any person or organization to whom the automobile [truck tractor] is rented" (such as the carrier insured by Liberty), it does not purport to exclude plaintiff from coverage when his truck tractor is used exclusively in *his own* business. For Liberty's like insurance clause to have the effect urged by Liberty in this appeal, we would have to read the word "trucker" as referring to *plaintiff* the first time it is used in part "b" of Liberty's like insurance clause, and as referring to *the carrier insured by Liberty* the second and third times it is used in the clause. Considering the rule of strict construction, we cannot accept Liberty's strained interpretation. Accordingly, we hold that the like insurance clause contained in the policy issued by Liberty does not exclude plaintiff from coverage as a permissive user.

Because plaintiff is entitled to coverage under both insurance policies, we (1) reverse the portion of the trial court's order granting Liberty's motion for summary disposition, (2) reverse the portion of the trial court's order denying plaintiff's motion for summary disposition with regard to Liberty, (3) affirm the remainder of the trial court's order, and (4) remand for entry of an order of summary disposition in favor of plaintiff against Liberty. In their supplemental briefs on remand, both Zurich and Liberty address issues relating to their respective rights as against

each other. Because Zurich and Liberty were not in an adversarial posture below, cf. *Amerisure, supra* at 528, 531, and these issues were not addressed by the trial court, we decline to address them on appeal. See *McCready v Hoffius*, 222 Mich App 210, 218; 564 NW2d 493 (1997).

Affirmed in part, reversed in part, and remanded.