SCOTT v FARMERS INSURANCE EXCHANGE

Docket No. 251559. Submitted May 3, 2005, at Detroit. Decided May 26, 2004, at 9:05 a.m. Leave to appeal sought.

Daniel Scott brought an action in the Oakland Circuit Court against Farmers Insurance Exchange, his mother's no-fault automobile insurance carrier, seeking uninsured motorist benefits for injuries he sustained in an automobile accident while a passenger in a car driven by David Steele and owned by Noah Beatte. At the time of the accident, Steele was the named insured in an automobile insurance policy from Titan Insurance and Beatte's insurance policy on his car had lapsed. The court, Fred M. Mester, J., granted summary disposition for the defendant on the basis that the plaintiff had failed to present a valid uninsured motorist claim because Steele, the driver, was insured. The court also denied summary disposition to the defendant on the defendant's argument that it was relieved of any obligation to pay benefits because the plaintiff failed to comply with a policy requirement to file a timely suit against Steele to preserve the defendant's subrogation rights. The plaintiff appealed.

The Court of Appeals *held*:

The trial court erred when it ruled that the contract did not cover accidents in which the driver was insured and granted the defendant's motion for summary disposition on that ground. The grant of summary disposition preempted resolution of many issues. The defendant's policy has a portion dealing with a claim arising from an accident with an "uninsured motorist." The substantive portion of the policy under that heading focuses exclusively and unambiguously on whether the vehicle, not the driver, was insured at the time of the accident. This creates an ambiguity in the policy that is unresolved. That portion of the policy also appears to call for mandatory arbitration to resolve disputes. On remand, the trial court should examine the arbitration provision to determine whether arbitration is required to resolve the issues in this case.

Reversed and remanded for further proceedings.

*Turner and Turner, P.C. (by Matthew L. Turner and Devlin K. Scarber)*, for the plaintiff.

*Cory & Wesley (by Tracey L. Merithew)* for the defendant.

Before: O'CONNELL, P.J., and MARKEY and TALBOT, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting plaintiff's insurance company's motion for summary disposition on his claim for "uninsured motorist" benefits. We reverse. The underlying facts are largely undisputed.

On November 11, 1999, David Steele was driving a car owned by Noah Beatte. Plaintiff rode in the back seat and Beatte rode in the front passenger seat. Steele drove Beatte's vehicle into a tree, and plaintiff was injured in the accident. Beatte's insurance policy on the vehicle had lapsed, but Steele was the named insured on a Titan Insurance no-fault automobile insurance policy. Plaintiff resided with his mother, who was the named insured on a no-fault policy issued by defendant. His mother's policy provided "uninsured motorist" coverage for injuries arising from the use, ownership, or maintenance of an uninsured or underinsured vehicle.

Plaintiff made a claim for uninsured motorist benefits under his mother's policy. On March 14, 2002, plaintiff initiated negotiations with defendant in a letter demanding arbitration if the policy required it. While plaintiff's claim was pending, defendant contacted plaintiff's counsel to request documentation that Beatte's vehicle was uninsured and explain that arbitration was not mandatory. Defendant stated in this correspondence:

Prior to entertaining an Uninsured Motorist Claim, we trust that you will file litigation against the wrongdoer in order to properly protect your client's statute of limitations in the event that insurance is found at some later date. If insurance is not found, and we become obligated under the Uninsured Motorist provision of our policy, then we would have the opportunity to exercise our subrogation rights which are set forth in your client's policy of insurance.

On October 18, 2002, plaintiff's counsel notified defendant that if defendant did not acknowledge that plaintiff was eligible for uninsured motorist benefits by the end of the month, plaintiff would file suit against the driver and the owner. Defendant offered to settle plaintiff's claim for $11,000 on December 9, 2002, after the three-year limitations period for any claim against Steele had expired. Plaintiff rejected the offer as inadequate. Defendant failed to pay plaintiff's claim, and plaintiff brought this action to recover "uninsured motorist benefits" under his mother's policy. Plaintiff filed a separate action against Steele after the expiration of the three-year limitations period, and Steele defaulted.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), raising two defenses. First, defendant claimed that plaintiff did not have a viable claim for uninsured motorist benefits because Steele, the driver of the vehicle, was insured. Second, defendant claimed that by failing to file a timely action against Steele contrary to the policy requirements, plaintiff prejudiced defendant's subrogation rights so it should be relieved of any obligation to pay benefits. In response to the second argument, plaintiff asserted that the action against Steele was still viable because of tolling principles. Plaintiff also argued that defendant could not raise a policy defense for the first time in a summary disposition motion when the insurance claim had

been pending for years. Plaintiff also argued that Beatte's vehicle was an uninsured vehicle for the purpose of the policy's coverage, notwithstanding any insurance policy covering Steele's liability, so, according to the policy's plain terms, he was entitled to uninsured motorist benefits.[1]

The trial court rejected defendant's argument that the policy obligated plaintiff to file a lawsuit against Beatte or Steele in order to preserve defendant's subrogation rights because the contract's language did not support a finding that recovery was conditioned on plaintiff's filing suit against the owner and the driver. However, the trial court agreed that plaintiff failed to present a valid uninsured motorist claim because Steele, the driver of the automobile, was insured.[2]

We review de novo a trial court's resolution of a motion for summary disposition. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002). Summary disposition should be granted if there is no

---

[1] All parties agree that Beatte failed to insure his motor vehicle at the time of the accident. A disagreement exists concerning whether Steele, the driver of the vehicle, was insured at the time of the accident. There is also an issue concerning whether Steele's insurer will deny coverage for this accident. If coverage is denied, then it may be an uninsured vehicle. Defendant's insurance policy reads in part as follows:

3. Uninsured motor vehicle means a motor vehicle which is:

\* \* \*

d. Insured by a bodily injury liability bond or policy at the time of the accident but the Company denies coverage or is or becomes insolvent.

[2] The trial court concluded that Steele was covered under a separate policy and, therefore, Beatte's vehicle was not an uninsured motor vehicle. However, the lower court record is unclear regarding Steele's coverage.

genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10).

Uninsured motorist coverage is optional and is not mandated by the no-fault act. *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525; 502 NW2d 310 (1993). Accordingly, the policy language governs the coverage and is subject to the rules of contract interpretation. *Id.* at 525. We read insurance contracts as a whole and accord their terms their plain and ordinary meaning. *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992). We will not strain to find ambiguity, *id.* at 567, but we ultimately strive to enforce the agreement intended by the parties. *Engle v Zurich-American Ins Group (On Remand)*, 230 Mich App 105, 107; 583 NW2d 484 (1998). A contract is ambiguous when its words may be reasonably understood in different ways. *Raska v Farm Bureau Mut Ins Co of Michigan*, 412 Mich 355, 362; 314 NW2d 440 (1982) (opinion of COLEMAN, C.J.). If an ambiguous term exists in the contract, courts should generally construe the term against the contract's drafter, unless the drafter presents persuasive extrinsic evidence that the parties intended a contrary result. *Id.*; *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 470-471; 663 NW2d 447 (2003).

Defendant's insurance policy contained the following pertinent provisions for "uninsured motorist" coverage:

PART II—UNINSURED MOTORIST

Coverage C—Uninsured Motorist Coverage

We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person. The bodily injury must be

caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

* * *

3. Uninsured motor vehicle means a motor vehicle which is:

a. Not insured by a bodily injury liability bond or policy at the time of the accident.

* * *

d. Insured by a bodily injury liability bond or policy at the time of the accident but the Company denies coverage or is or becomes insolvent.

The provision's title, "Uninsured Motorist," suggests that the section deals with the actions of an "uninsured motorist." Nevertheless, the substantive language focuses exclusively and unambiguously on whether the *vehicle* was insured at the time of the accident.[3] While the title gives no guidance, the substantive portion of the provision contains a seemingly exhaustive explanation of what that portion of the policy does and does not cover. Under the circumstances, we will not assume that the parties agreed to make plaintiff's recovery contingent on the lack of any relevant insurance simply because defendant assigned a common name to its provision and now insists that the parties understood all the substantive nuances of that heading. Rather, the heading creates a tenuous, but plausible, ambiguity that will likely be resolved against the drafter. *Klapp, supra* at 470-471.

---

[3] The substantive portion of this clause focuses on the motor vehicle. Plainly speaking, if the motor vehicle is not insured, it is an uninsured motor vehicle and the provision applies. However, the section is entitled "Uninsured Motorist." The trial court will have to resolve the discrepancy in this language on remand.

Our Supreme Court has cautioned us against reading provisions or undocumented intent into a contract or statute simply because we are tempted by politically charged "policy" preferences or our own personal distaste for a case's outcome. See *Terrien v Zwit*, 467 Mich 56, 65-72; 648 NW2d 602 (2002); *Mayor of Lansing v Pub Service Comm*, 470 Mich 154, 164-166; 680 NW2d 840 (2004). Therefore, we will not follow the example of the trial court and several appellate panels and hold, contrary to the express terms of the contract, that the existence of any other insurance coverage suffices to render the "vehicle" insured. See, e.g., *Citizens Ins Co of America v Povey*, 114 Mich App 395; 319 NW2d 341 (1982). Rather, we strive to apply the language that the parties originally agreed upon. The plain language of the "uninsured motorist" provision makes coverage contingent on whether the vehicle is insured, not on whether the driver is insured. Therefore, we will not insert the contingency on the insurance company's behalf. The trial court erred when it ruled that the contract did not cover accidents in which the driver was insured and granted defendant's motion for summary disposition on these grounds.

Nonetheless, we acknowledge that some car insurance policies are designed to cover a *vehicle* when, as here, the *person* they insure does not own it, but is merely driving it with the permission of the owner. Under these circumstances, the vehicle is insured under the driver's policy at the time of the accident, and defendant would be entitled to summary disposition if the driver's insurer pays plaintiff's claims. Other policies only insure the driver, however, and if Steele were covered by such a policy here, then defendant would be bound by the contract's terms to pay plaintiff's claim and could pursue Steele under a subrogation theory. We mention this because a considerable dispute existed

below regarding which of two potential car insurance policies covered Steele at the time of the accident, and the policies differ in their approach to special trips taken with the owner's permission.[4] Moreover, we note that, according to the policy's plain language, defendant is presumably liable if Steele's insurance company denies coverage.

The trial court's decision to grant defendant summary judgment preempted resolution of these and other factual issues. After removing the legal misunderstanding that the existence of any other insurance coverage absolutely negated defendant's liability for benefits, we can see many issues of material fact that render the grant or affirmation of summary disposition inappropriate. MCR 2.116(C)(10). Because some of these factual disputes relate to the parties' other arguments on appeal, our resolution of those issues is also unwarranted.[5] We recommend, however, that the trial court and the parties look closely at the contract's arbitration provision on remand, as it appears to require arbitra-

---

[4] In fact, plaintiff advanced, but did not support with evidence, the theory that Steele's coverage under either of the policies was questionable because he may have sold his own car, which was the car that the policies potentially insured. Policy exclusions may also have applied to preclude coverage. All these issues should be fully developed on remand.

[5] For example, defendant argues that plaintiff failed to preserve its subrogation claim against Steele, but this argument depends on the unresolved issue whether it can recover from Steele. Likewise, plaintiff's argument that defendant should be estopped from denying coverage also depends, in part, on the undeveloped factual question of prejudice— another issue contingent on plaintiff's ultimate success in its suit against Steele. It is clear from the record that the trial court only granted summary disposition because of its mistaken legal conclusion that evidence of Steele's insurance precluded coverage. Having dispelled this notion, any further action by us would be presumptuous. We also note that defendant delayed paying its claim for a period of three years, which may, in part, be the reason that the statute of limitations now jeopardizes defendant's subrogation claim.

tion to resolve such disputes. But because we do not have the benefit of briefing and developed argument on this issue, we merely note our impressions on this point.[6]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[6] We note that defendant's policy states, "Determination as to whether an insured person is legally entitled to recover damages or the amount of damages shall be made by agreement between the insured person and us. If no agreement is reached, the decision will be made by arbitration."