# STATE OF MICHIGAN

# COURT OF APPEALS

EMMETT GRIMMETT,

Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

Defendant-Appellee.

UNPUBLISHED
October 6, 2015

No. 321492
Wayne Circuit Court
LC No. 12-016378-NI

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Plaintiff appeals the trial court's grant of summary disposition to defendant pursuant to MCR 2.116(C)(10). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff's sister held an insurance policy with defendant Farmers, which provided coverage to not only plaintiff's sister as the policy holder, but also to plaintiff at the time of the accident. Furthermore, the policy covered accidents that involved an "uninsured motorist," which the policy defined to include both (1) drivers who do not hold a relevant insurance policy, or (2) drivers that perpetrated a "hit and run" accident.[1] In the event of an accident with an uninsured motorist, plaintiff's sister's policy required her to do the following, among other things:

**WHAT TO DO IN CASE OF ACCIDENT**

---

[1] Specifically, the policy defines "uninsured motor vehicle"—the type of car that is covered under the policy's "uninsured motorist" provisions—to include a "hit-and-run vehicle," which in turn is defined as a car "whose operator or owner has not been identified." Accordingly, for purposes of the policy, a "hit-and-run" accident does not just encompass an accident where the other motorist immediately flees the scene—it also includes accidents where the other driver *does not* immediately flee the scene, but nonetheless fails to provide his contact and identification information to the policy holder or the authorities after the accident occurs.

-1-

**Notice**

In the event of an accident, or loss, notice must be given to us [i.e., Famers] promptly. The notice must give the time, place, and circumstances of the accident, or loss, including the names and addresses of injured persons and witnesses.

**Other Duties**

A person claiming any coverage of this policy must also:

\* \* \*

6. Notify police within 24 hours and us within 30 days if a hit-and-run motorist is involved and an uninsured motorist claim is to be filed. [Emphasis and capital letters original.]

On July 26, 2012, plaintiff, who was driving his sister's car and who was the only occupant in the vehicle, got in an accident in Detroit and suffered minor injuries. According to plaintiff's affidavit and deposition, the other driver called 911 and informed the operator of the accident location and plaintiff's physical condition. A bystander supposedly called 911 as well, but neither the police nor emergency personnel ever arrived at the scene. The police have no record of the calls allegedly placed by these individuals on the night of the accident. Plaintiff, who inexplicably did not exchange information with the other driver, remained at the accident site until a friend picked him up and towed plaintiff's car to his home.

In her affidavit, plaintiff's sister asserted that she contacted Farmers within a week of the accident, but failed to specify whether she made a claim at this time, nor did she identify the individual with whom she allegedly spoke. Soon after, Farmers supposedly told plaintiff's sister that her car was a total loss and towed it within 30 days of the accident.

Farmers contests the version of events provided by plaintiff and his sister, and asserts plaintiff and his sister did not notify them of the accident until September 19, 2012, when Farmers' claim log indicates that plaintiff's sister requested insurance benefits. Farmers also emphasizes that plaintiff's sister's assertions on when (1) she learned her car was a total loss, and (2) her car was towed are simply inaccurate. She did not provide such information, Farmers says, until September 25, 2012—almost two months after the accident—and it did not tow the car until October 9, 2012. Finally, Farmers observed that the first police record of plaintiff's accident is a report, which plaintiff made on September 17, 2012—again, almost two months after the accident. Accordingly, Farmers refused to pay for plaintiff's sister's damage claim

because she failed to notify: (1) the police within 24 hours of the accident; and (2) Farmers within 30 days of the accident.[2]

Plaintiff brought suit in the Wayne Circuit Court in December 2012, and alleged that he was entitled to benefits under his sister's policy. Farmers requested summary disposition pursuant to MCR 2.116(C)(10), and argued that plaintiff's sister had failed to comply with the notice provisions of her insurance policy. The trial court, after a hearing in February 2014, granted Farmers' request, and observed that plaintiff's sister had failed to provide notice of the accident to Farmers within the 30-day period specified by her insurance policy. On appeal, plaintiff asks us to reverse the trial court's decision and remand for trial.

## II. STANDARD OF REVIEW

A trial court's decision to grant summary disposition is reviewed de novo. *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 173; 858 NW2d 765 (2014). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim," and we examine all relevant documentary evidence "in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Id*. (quotation marks omitted).

The interpretation of an insurance contract is a matter of law and is also reviewed de novo. *Cole v Auto-Owners Ins Co*, 272 Mich App 50, 52; 723 NW2d 922 (2006).

## III. ANALYSIS

"Insurance policies are interpreted in accordance with the principles of contract interpretation." *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 433; 773 NW2d 29 (2009). Contracts are examined as a whole and their terms are interpreted in light of their plain and ordinary meaning. *Cole*, 272 Mich App at 53. Uninsured motorist coverage is an optional form of coverage, and the scope of the coverage is governed by the policy language. *Scott v Farmers Ins Exch*, 266 Mich App 557, 561; 702 NW2d 681 (2005).

Again, the policy specifically detailed plaintiff's sister's (and plaintiff's) obligations in the event of an accident involving an uninsured motorist:

**WHAT TO DO IN CASE OF ACCIDENT**

**Notice**

In the event of an accident, or loss, notice must be given to us [i.e., Farmers] promptly. The notice must give the time, place, and circumstances of the

---

[2] Farmers ultimately did not contest, and does not contest on appeal, that the accident in question, if properly reported by plaintiff's sister, would have merited coverage as an "uninsured motorist accident" under her policy.

accident, or loss, including the names and addresses of injured persons and witnesses.

**Other Duties**

A person claiming any coverage of this policy must also:

* * *

6. Notify police within 24 hours and us within 30 days if a hit-and-run motorist is involved and an uninsured motorist claim is to be filed. [Emphasis and capital letters original.]

It is apparent that plaintiff's affidavit and deposition, and the affidavit of his sister, create a question of fact as to whether plaintiff's sister—as the "person claiming . . . coverage of [the] policy"—notified Farmers of the accident within 30 days of July 26, 2012. Plaintiff's sister claims she informed Farmers within a week of the accident, and that Farmers informed her that her car was a total loss and towed it soon thereafter. By contrast, Farmers asserts that it did not: (1) receive any notice of the accident until September 19, 2012; (2) inform plaintiff's sister that the car was a loss until September 25, 2012; and (3) did not tow the car until October 9, 2012. Accordingly, when the documentary evidence is viewed in the light most favorable to plaintiff, "a genuine issue of material fact" exists and a trial must be held to properly resolve the matter. *Scott*, 266 Mich App at 561. The trial court therefore erred when it granted summary disposition to Famers on this basis.

However, there is no issue of material fact as to whether plaintiff's sister (or plaintiff himself) notified police within 24 hours of the accident. By his own admission, neither plaintiff nor his sister contacted the police to tell them of the accident within 24 hours of July 26, 2012. Instead, the other driver and a bystander to the accident—two individuals who are not "person[s] claiming any coverage of [the] policy"—allegedly called 911 on the night of the accident. The failure of plaintiff or his sister to inform the police of the accident within 24 hours of the accident is fatal to plaintiff's suit because the insurance policy at issue clearly requires the "person claiming any coverage of [the] policy" to "notify police within 24 hours of the accident."

Such notice requirements are not a mere procedural formality, and the expectation that plaintiff and his sister comply with the notice provisions in Farmers' policy is not unduly harsh or unreasonable. Rather, such requirements exist "to afford the insurer an adequate opportunity to investigate [a claim], to prevent fraud and imposition upon it, and to form an intelligent estimate of its rights and liabilities before it is obliged to pay." 13 Couch, Insurance, 3d, § 186:14, pp 186-36.[3]

---

[3] The importance of providing such notice to an insurer has been observed in a number of Michigan cases. See, e.g., *Weller v Cummins*, 330 Mich 286, 293; 47 NW2d 612 (1951) ("One of the purposes of . . . requiring notice of accident is to give the insurance company knowledge of the accident so that it can make a timely investigation in order to protect its interests").

Accordingly, the trial court properly granted summary disposition to Farmers, albeit for an improper reason, and its judgment is affirmed. See *Etefia v Credit Techs, Inc*, 245 Mich App 466, 470; 628 NW2d 577 (2001).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad