*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRYAN E. BLOOD,

      Plaintiff-Appellant,

v

RICHARD J. SOVIS and ROBERT H. TUCKER,

      Defendants,

and

SAFECO INSURANCE COMPANY OF
AMERICA,

      Defendant-Appellee.

UNPUBLISHED
May 16, 2019

No. 341150
Wayne Circuit Court
LC No. 17-003499-NI

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, Bryan E. Blood, appeals by right an order granting summary disposition in favor of defendant, Safeco Insurance Company of America (Safeco),[1] pursuant to MCR 2.116(C)(8) and (10). We affirm.

This case involves an automobile accident that occurred in May 2013 involving cars driven by plaintiff and defendant Tucker. The vehicle Tucker was driving was owned by defendant Sovis. The accident allegedly happened when Tucker failed to yield at an intersection and collided with plaintiff, causing plaintiff to suffer various injuries. Plaintiff had a no-fault policy with Safeco, and the policy contained an uninsured motorist (UM) provision. The UM provision stated that Safeco would "pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury . . . ."

---

[1] Plaintiff stipulated below to the dismissal of defendants Richard J. Sovis and Robert H. Tucker.

Plaintiff's policy contained a definition of "uninsured motor vehicle." As relevant to the instant case, the definition included motor vehicles "[t]o which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company . . . *denies coverage*[.]" (Emphasis added.) At the time of the accident, Sovis had an insurance policy covering the vehicle driven by Tucker that was issued by AAA Auto Insurance (AAA). The existence of this policy, however, was unknown to plaintiff and Safeco up until the filing of the present action against Sovis, Tucker, and Safeco. By the time suit was commenced, the statutory period of limitations for plaintiff's third-party claims against Sovis and Tucker had expired. AAA, commensurate with its duty to defend under its policy covering Sovis's vehicle, retained counsel to defend Sovis and Tucker against plaintiff's complaint, and counsel moved to summarily dismiss plaintiff's suit based on expiration of the period of limitations. The motion prompted the stipulation to dismiss Sovis and Tucker. Subsequently, with respect to remaining defendant Safeco, the trial court granted summary disposition in favor of Safeco on plaintiff's UM claim, concluding that Sovis's vehicle was not uninsured.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Similarly, a trial court's application of the doctrine of equitable estoppel is reviewed de novo on appeal. *Sylvan Twp v City Of Chelsea*, 313 Mich App 305, 315-316; 882 NW2d 545 (2015). "Uninsured motorist coverage is optional—it is not compulsory coverage mandated by the no-fault act." *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). Therefore, the rights and limitations of the coverage are purely contractual and are construed absent reference to the no-fault act. *Id.* at 465-466. A fundamental tenet of Michigan jurisprudence is that unambiguous contracts must be enforced as written, and no additional judicial construction is permitted. *Id.* at 468. Contracts are read as a whole, and the terms are given their plain and ordinary meaning. *Scott v Farmers Ins Exch*, 266 Mich App 557, 561; 702 NW2d 681 (2005). This Court will not strain to find ambiguity, and ultimately we strive to enforce the agreement intended by the parties. *Id.* An ambiguity exists when a contract's words "may be reasonably understood in different ways." *Id.*

Plaintiff first argues that he is entitled to recover benefits under the UM provision because AAA denied coverage with respect to Sovis's vehicle; therefore, the vehicle was an uninsured motor vehicle under the Safeco insurance policy. This argument is entirely lacking in merit. Simply put, AAA did not deny coverage. Indeed, AAA fully complied with its obligations under its policy regarding Sovis's vehicle, retaining counsel to defend Sovis and Tucker, which revealed that AAA was fully prepared to provide indemnification if liability was established. See *Winans v Hartford Accident Indemnity Co*, 25 Mich App 75, 82-83; 181 NW2d 17 (1970) (insurer denies coverage to an insured when it refuses or fails to provide the protection contracted for in the insurance policy, such as defending the insured against a claim or satisfying a judgment). The successful defense and plaintiff's failure to establish liability did not translate into a denial of coverage by AAA. Had AAA actually denied coverage under the policy, it would not have defended Sovis and Tucker. And there is no indication in the record that AAA denied that it had a duty to cover damages within policy limits if awarded. See *Lotoszinski v State Farm Mut Auto Ins Co*, 417 Mich 1, 12; 331 NW2d 467 (1982) (denial of coverage within the policy's language would require a showing that insurer denied duty to indemnify against damages). Taken to its logical end, plaintiff's theory would implicate UM provisions every time alleged tortfeasors, supported by their insurers, avoided liability.

-2-

Plaintiff's reliance on *Scott* is misplaced. In *Scott*, the plaintiff was injured in a motor vehicle accident while sitting as a backseat passenger in a car. The driver of that car was a named insured in a no-fault policy that may have been in effect at the time of the accident but the insurance policy on the car itself had been allowed to lapse by the vehicle's owner before the accident. The plaintiff sought UM benefits under her mother's insurance policy. *Scott*, 266 Mich App at 558. The trial court rejected the plaintiff's claim for UM benefits because the driver of the car supposedly had insurance. *Id.* at 560. This Court reversed, concluding that a number of genuine issues of material fact existed, including whether the driver was insured at the time of the accident, whether the driver's insurer would deny coverage if a policy were in place, whether any insurance by the driver solely insured him or additionally the vehicle he was driving, and whether the driver's insurance status was even relevant under the UM policy. *Id.* at 563-565. Here, there is no dispute that there was an insurance policy issued by AAA covering the vehicle when the accident occurred. It was not an uninsured motor vehicle, and the insurance status of the driver, Tucker, was not pertinent. Moreover, as explained above, AAA did not deny coverage. *Scott* has no relevance. In sum, reversal on this issue is unwarranted.

Next, plaintiff argues that Safeco was equitably estopped from denying coverage for UM benefits because it was Safeco's failure to discover the existence of the AAA insurance policy that caused plaintiff to lose his cause of action. Effectively, plaintiff wishes to employ the doctrine of equitable estoppel to expand UM coverage beyond that afforded by the policy by applying the coverage to an accident involving a fully insured vehicle.

Our review of the lower court record reveals that the trial court never specifically ruled on plaintiff's equitable estoppel argument when deciding Safeco's motion for summary disposition. Nevertheless, it is clear under Michigan law that equitable estoppel cannot be used to compel Safeco to provide UM benefits that were not covered by the insurance policy.

"The principle of estoppel is an equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract." *Morales v Auto-Owners Ins Co*, 458 Mich 288, 295; 582 NW2d 776 (1998). In *Ruddock v Detroit Life Ins Co*, 209 Mich 638, 653; 177 NW 242 (1920), our Supreme Court explained:

> The cases where the doctrine of waiver, or estoppel, has been applied have largely been cases where the insurance companies have relied on a forfeiture of the contract, upon breaches of the warranties and conditions to work such forfeitures; and in many such cases this court and other courts of last resort have held that if the companies have led the other party, to his prejudice, to his expense, to understand that such forfeitures, such breaches of warranties and conditions, would not be insisted upon, then the companies would be estopped from asserting such defenses. But here the defendant makes no claim of forfeiture of the contract; on the contrary, it is insisting upon the contract itself, and insisting that by its terms it did not insure the deceased when engaged in military services in time of war. To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is

-3-

sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make.

The Michigan Supreme Court reaffirmed these principles in *Kirschner v Process Design Assoc, Inc*, 459 Mich 587, 593-594; 592 NW2d 707 (1999).[2] Equitable estoppel simply cannot be applied to broaden Safeco's UM coverage to cover damages sustained by plaintiff in the accident that involved Sovis's *insured vehicle*. If equitable estoppel is invoked as plaintiff demands, it would create both a contract that the parties did not agree to and liability contrary to the contract of insurance.

Moreover, plaintiff was responsible under the insurance policy to provide evidence that an uninsured motor vehicle was involved. Although Safeco repeatedly asked plaintiff to submit the required evidence, Safeco never informed plaintiff that an uninsured motor vehicle was involved. Further, while Safeco did not locate any pertinent insurance information in its databases, there is no indication of negligence or intentional misconduct in doing the search, and plaintiff was ultimately able to identify Sovis for purposes of the suit, quickly discovering that there was an insurance policy covering his vehicle. Equitable estoppel arises when a party, by representations, admissions, or silence, negligently or intentionally induces another party to believe certain facts that are then justifiably relied on by the other party. *Conagra, Inc v Farmers State Bank*, 237 Mich App 109, 141; 602 NW2d 390 (1999). Plaintiff failed to create an issue of fact with respect to the elements of equitable estoppel. "Equity will not lend aid to those who are not diligent in protecting their own rights." *Knight v Northpointe Bank*, 300 Mich App 109, 114; 832 NW2d 439 (2013). This principle clearly fits the facts in this case.

We affirm. We award taxable costs to Safeco as the prevailing party pursuant to MCR 7.219.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly

---

[2] The *Kirschner* Court did state that "[d]espite the limited applications of waiver and estoppel, in some instances, courts have applied the doctrines to bring within coverage risks not covered by the policy," including where an "insurance company has misrepresented the terms of the policy to the insured[.]" *Kirschner*, 459 Mich at 594. The instant case does not present such a situation.