MARTINEK *v.* FIREMEN'S INSURANCE CO.

1. INSURANCE—POLICY ON AGENT'S PROPERTY NOT EFFECTIVE UN-TIL ASSENTED TO BY INSURER.

A policy written by insurance agent on property in which he is personally interested does not become effective until assented to by insurance company with knowledge of the facts.

2. SAME—WHEN RULE OF FRANK DISCLOSURE APPLIES.

When insurance agent issues policy on plainly undesirable risk of his own, rule of frank disclosure to principal applies with full force.

3. SAME—WAIVER—ESTOPPEL.

Ordinarily, when, before suit, insurer denies liability on specified grounds, denial constitutes waiver and estoppel of other defenses.

4. SAME—WAIVER AND ESTOPPEL FOUNDED ON KNOWLEDGE OF FACTS.
   Insurer's denial of liability, before suit, on specified grounds,
   did not constitute waiver of defense that policy was not in
   force because of agent's failure to disclose his interest in the
   property, an undesirable risk, since waiver and estoppel are
   founded on knowledge of the facts.

Error to Menominee; Bell (Frank A.), J. Submitted April 10, 1929. (Docket No. 137, Calendar No. 33,989.) Decided June 3, 1929.

Action by Edward M. Martinek, administrator of the estate of Jacob J. Martinek, deceased, against the Firemen's Insurance Company, a foreign corporation, on an insurance policy. From a judgment for defendant, plaintiff brings error. Affirmed.

*Meredith P. Sawyer,* for plaintiff.

*Silber, Isaacs, Silber & Woley* and *George Barstow (Samuel Levin,* of counsel), for defendant.

FEAD, J. For some years Jacob J. Martinek had been local agent of defendant at Menominee. He died in January, 1924, notice of his death was given defendant, and his son, Edward M. Martinek, was made local agent to succeed him.

Edward was appointed administrator of his father's estate, among the assets of which was a house at Daggett, which was unoccupied after 1924 in very poor and dilapidated condition so that it would require repairs costing $1,200 to render it habitable. The value was estimated by plaintiff's witnesses at from $3,500 to $5,000. Jacob's widow Edward, and another child were his heirs. It was claimed that there was an oral understanding among the heirs that the widow should take all the prop-

erty, but there was no written conveyance of real estate to her.

The house was insured in the Boston Insurance Company through the Martinek agency. This company withdrew from the locality, all of its policies were canceled by Martinek and rewritten for the unexpired terms in other companies, among them the defendant.

Martinek rewrote insurance on the house in defendant company on June 16, 1926, to expire February 24, 1928, in two policies, one for $1,000 in the name of Jacob J. Martinek Estate, and one for $800 in the name of Jacob J. Martinek. To the policies were attached clauses permitting vacancies to the expiration dates, at extra premiums. He also wrote other insurance on the house in the sum of $2,000 in another company. In forwarding to defendant the daily reports of the policies, Martinek did not disclose the other insurance nor the condition of the building, nor his interest in the estate. He testified he was not in the habit of filling out the blanks on the daily reports which asked the condition of the premises and title.

The house burned September 18, 1926, from cause unknown. Notice of loss was given and proofs of loss filed. Defendant committed adjustment to the Western Adjustment Company, represented by Mr. Hansen, on December 9th. Mr. Hansen took exception to the proof of loss on the ground (a) that the damage claimed was excessive, and (b) the conditions of vacancy had not been complied with. Negotiations for adjustment were had, and on February 26, 1927, each had an appraiser appointed, but nothing further seems to have been done except some negotiating, the record not being very clear on this.

This suit was begun December 5, 1927, to recover on the policy. The court directed a verdict for defendant.

In *Dull* v. *Royal Insurance Co.*, 159 Mich. 671, it was said, with citations of many authorities:

"It seems to be settled law that, if an agent is personally interested in the property insured, no policy issued by him thereon, or act done by him in connection therewith, binds the insurance company, unless known and assented to by it."

A policy written by an agent on such property does not become effective until assented to by the company. *Zimmermann* v. *Dwelling-House Ins. Co.*, 110 Mich. 399 (33 L. R. A. 698).

Plaintiff urges that insurance agents commonly write policies on their own property in companies they represent, and the custom should be recognized to give the policies the same validity as those written for strangers. There would be force in the argument if it were applied to a risk generally recognized as desirable and fair, and such as the insurer was accustomed to take. When, however, the agent issues a policy on a plainly undesirable risk of his own, the rule of frank disclosure to the principal applies with full force.

Ordinarily, when, before suit, the insurer denies liability on specified grounds, the denial constitutes a waiver and estoppel of other defenses. *Cook Motors Corp.* v. *Casualty Ass'n*, 239 Mich. 362; *Smith* v. *Grange Mutual Fire Ins. Co.*, 234 Mich. 119. Waiver and estoppel are founded upon knowledge of facts. There was no evidence in the record that defendant knew of the agent's interest in the premises before suit. The agent had the active duty to inform his principal of his interest in the prop-

erty insured. Until he did, it cannot be held that insurer had accepted the risk. The policy did not become in force, nor was the defense waived.

This conclusion renders it unnecessary to discuss the other questions in the case.

Judgment is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.