*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN M. TORONGEAU,

        Plaintiff-Appellant,

v

AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA,

        Defendant-Appellee.

UNPUBLISHED
April 07, 2025
2:16 PM

No. 370465
Newaygo Circuit Court
LC No. 23-020920-CK

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff owns a home in Wyandotte and a second home in White Cloud. He purchased the White Cloud home in 2016 but never lived in the home full-time. Plaintiff testified at his deposition that his nephew, Justin Fenlon, as well as Justin's girlfriend and their son, began living in the White Cloud home in 2016 and paid him a monthly amount equal to the monthly mortgage payment on the home. Plaintiff also testified that he kept no personal property at the White Cloud home but that there was "a bed and a dresser" that he used when staying at the home.

The White Cloud home suffered water damage from a leaking water supply line in January 2023. At the time, the home was insured under a homeowner's policy issued by defendant (the policy). Plaintiff was listed as the named insured, and the White Cloud home was described as "owner occupied." Fenlon and his family were not named as insured persons under the policy. The policy provided that it would cover damage to the "residence premises" under the policy, which was defined as "the dwelling and other structures located on land owned or leased by you where you reside and which is shown as the covered property in the Declarations." Fenlon informed plaintiff of the damage, and plaintiff made a claim to defendant for the loss.

-1-

Approximately two weeks after plaintiff filed a claim for loss, defendant sent plaintiff a letter denying coverage. The denial letter listed numerous bases for the denial of the claim, but non-residency at the White Cloud home was not among them.

Plaintiff was deposed in November 2023. Later in November 2023, defendant moved for summary disposition, arguing that the loss was not covered under the policy because plaintiff did not reside in the White Cloud home. Plaintiff responded, arguing that defendant had waived or should be estopped from asserting a residency defense because it had not asserted that defense as a basis for the denial of coverage in its denial letter. Plaintiff also argued that at least a genuine issue of material fact existed regarding whether plaintiff resided in the home.

The trial court held a hearing on defendant's motion on February 4, 2024. Following the hearing, the trial court issued an opinion and order granting defendant's motion on the ground that the loss was not covered because plaintiff did not reside in the home. The trial court also rejected plaintiff's argument that defendant had waived or was estopped from raising the residency defense. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the interpretation of clear insurance policy language, *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012), as well as a determination of whether policy language is ambiguous, *Farm Bureau Mut Ins Co v Nikkel*, 460 Mich 558, 563; 596 NW2d 915 (1999). We also review de novo issues of statutory interpretation. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016). We review de novo a trial court's decision on a motion for summary disposition. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).

## III. WAIVER AND ESTOPPEL

Plaintiff argues that the trial court erred by not holding that defendant had waived or was estopped from asserting the residency defense. We disagree.

"Generally, once an insurance company has denied coverage to an insured and stated its defenses, the insurance company has waived or is estopped from raising new defenses." *Kirschner v Process Design Assocs, Inc.*, 459 Mich 587, 593; 592 NW2d 707 (1999). However, the application of this rule is limited, and it will generally not be applied to broaden coverage to protect an insured against risks that were not included in a policy. *Id.* Moreover, "[w]aiver and estoppel are founded upon knowledge of facts." *Martinek v Firemen's Ins Co*, 247 Mich 188, 191; 225 NW 527 (1929). Accordingly, in order for an insurance company to waive or be estopped from asserting a defense, it must have been aware of facts that would support the assertion of the defense at the time of the denial. See *id.* at 191-192 (holding that an insurance company defendant had not waived a defense when there was no evidence that the defendant was aware of the facts underlying that defense at the time of the denial of coverage).

In this case, the policy was renewed on February 19, 2022. The policy declarations page listed plaintiff as the named insured and the White Cloud home as plaintiff's address. Plaintiff was the only person named as an insured person under the policy. The claim for loss was made by plaintiff on January 8, 2023. On January 23, 2023, defendant sent its denial letter to plaintiff

at the White Cloud address. Plaintiff was deposed on November 11, 2023. There is no evidence on the record that defendant was aware of facts that would support a residency defense until plaintiff was deposed. Although plaintiff notes that defendant received some information indicating that Fenlon was residing at the White Cloud home, there is no evidence that defendant had any knowledge of the necessary facts to assert that plaintiff *did not* reside at the White Cloud home. Therefore, defendant's failure to assert the residency defense in its initial denial letter was not a knowing waiver, and defendant was not estopped from raising this defense. *Id.*

## IV. SUMMARY DISPOSITION

Plaintiff also argues that, even if defendant did not waive the residency defense, the trial court erred by granting defendant's motion for summary disposition on the ground that there was no coverage under the policy. We disagree.

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Corley*, 470 Mich at 278. The moving party is entitled to summary disposition if, viewed in the light most favorable to the nonmoving party, no genuine issue of material fact exists. *Coblentz v City of Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). An insured bears the burden of establishing that a claim for loss falls within the terms of the policy. *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 172; 534 NW2d 502 (1995). In this case, the policy provided coverage for damage to "the dwelling on the residence premises . . . used principally as a private residence." The residence premises are "the dwelling and other structures located on land owned or leased by you where you reside . . . ." The policy defines "you" as referring to the named insured and spouse, if any. It is undisputed that plaintiff owns the land and dwelling in question. Therefore, in order for plaintiff's loss to be covered, plaintiff had to "reside" on the property at the time of the loss. See *Heniser*, 449 Mich at 161.

Plaintiff testified at his deposition that the address on his driver's license was the Wyandotte home address, and that he had lived at that address since October of 2021. He testified that Fenlon lived at the White Cloud home full-time and paid him monthly to do so; plaintiff used Fenlon's payments to pay the mortgage on the White Cloud home. Plaintiff also testified that Fenlon was responsible for home maintenance and repairs. Plaintiff denied keeping any personal property at the home. Plaintiff testified repeatedly that Fenlon was the one with the knowledge of the circumstances of the loss and who had dealt with the repairs to the home. Plaintiff stated that he had not been in the home since the date of the loss and, prior to the loss, had last been in the home "[p]robably late fall 2022."

The term "reside" is not defined in the policy. Unless specifically defined, the terms of an insurance policy are given their commonly used meanings. *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 534; 676 NW2d 616 (2004); *Liparoto Constr Co v Gen Shale Brick, Inc*, 284 Mich App 25, 35; 772 NW2d 801 (2009). Our Supreme Court has noted that Michigan courts have found the term "reside" to have two different meanings: a legal or technical meaning involving an insured's intent to return to the property, and a general or popular meaning based on the insured's actual use of the property as a residence. *Heniser*, 449 Mich at 163 (citations omitted). The *Heniser* Court cautioned against employing the more technical, "sophisticated" version of the term in the context of insurance policy language. *Id.* This Court has applied *Heniser* in interpreting policy language very similar to the language at issue in this case and has held that "the term 'reside'

requires that the insured actually live at the property." *McGrath v Allstate Ins Co*, 290 Mich App 434, 443; 802 NW2d 619 (2020).

The record shows that plaintiff did not actually live at the White Cloud home at the time of the loss. Plaintiff's own testimony makes clear that he rented the home to Fenlon and his family. Fenlon was responsible for maintenance and upkeep of the home. Plaintiff did not store personal property at the home and used a bed and dresser belonging to Fenlon when he stayed at the home. Although plaintiff testified that he was "kind of in and out" of the home, he also testified that he had not been in the home since late fall of 2022—in other words, at the time of the loss, he had not visited the home for several months, and at the time of his deposition, he had not been to the home in nearly a year. Plaintiff repeatedly stated during his deposition that Fenlon had first-hand knowledge of the home and the damage to it, and that he lacked that information.

Viewed in the light most favorable to plaintiff, *Coblentz*, 475 Mich at 569, reasonable minds could not differ regarding whether plaintiff actually lived at the White Cloud home at the time of the loss.[1] Plaintiff rented the home to a relative who paid the full amount of the monthly mortgage and, at best, plaintiff occasionally visited the home. During those visits, he used Fenlon's property. He stored no property of his own at the home. At the time of the loss, plaintiff had not set foot in the home for at least a couple of months. Therefore, plaintiff cannot establish a genuine issue of material fact regarding coverage, and the trial court correctly granted defendant's motion for summary disposition. *Corley*, 470 Mich at 278.

Affirmed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick

---

[1] We note that plaintiff, when asked, declined to state that he intended to live in the White Cloud home in the future, stating: "I'm working on a lot of things right now, to be honest, because I'm kind of up in the air with this Social Security." Therefore, even if we were to apply a technical definition of "reside," we would not hold that plaintiff had satisfied that definition, despite his claim on appeal that he always intended to live in the home at a later date. See *Heniser*, 449 Mich at 163.